### SMITH v. STANDARD LAUNDRY MACHINERY CO.

*(Circuit Court, S. D. New York. January 1, 1883.)*

PATENTS FOR INVENTIONS—INFRINGEMENT BY CORPORATION—PERSONAL LIABILITY OF PRESIDENT WHO SWEARS TO ANSWER—WANT OF SERVICE.

Where, in an action against a corporation for the infringement of a patent, the president, who is named as one of the defendants, but not personally served, owns all the stock, and swears to and signs the answer, a general appearance being entered in the suit for the defendants without naming them, he is personally liable.

On Exceptions to the Master's Report. The facts appear in the opinion.

*H. G. Atwater*, for complainant.

*Justus Palmer*, for defendant.

WHEELER, J. This cause has now been heard upon the exceptions to the master's report. These exceptions relate principally to the liability of the defendant Lewis at all personally. The grounds of the exception to his liability at all are that he was not so made a party individually that any decree for relief could be made against him, and that the allegations of the bill were not sufficient to be the foun-

dation for charging him personally. The bill was brought upon several patents. In the statements of parties the defendants are described as the "Standard Laundry Machinery Company," a corporation; William G. Lewis, president of said company; and Channing W. Littlefield, secretary of said company. A subpœna was prayed, directed to the Standard Laundry Machinery Company, William G. Lewis, and Channing W. Littlefield, defendants. A subpœna was so issued, but was not served upon Lewis. A solicitor of the court appeared for the defendants without naming them. An answer was filed, stated to be the answer of the defendants, without naming them, and was signed by the solicitor as solicitor and counsel for the defendants, without naming them. The answer was sworn to by Lewis as one of the defendants, the affidavit at the foot stated that he was one of the defendants, and he signed it by his individual name.

The appearance of the solicitor for the defendants would of itself alone be an appearance only for defendants who had in some manner been served with process. They only were at the time, in fact, defendants. On that appearance the bill could not have been taken *pro confesso* as against Lewis. The subpœna, if it had been served, however, would only have required him to appear and answer the bill. An answer to a bill is made in person. When Lewis answered this bill he became personally, by his own act, a party to the cause made by the bill. He then became a defendant in court. The appearance for the defendants stood as an appearance for him as one of them, and he was before the court as a party. The bill, after stating the patents, and the exclusive rights of the oratrix to the inventions therein described, alleged that the defendant the Standard Laundry Machinery Company had and the defendants William G. Lewis and Channing W. Littlefield, as the agents and officers of said company, had, with full knowledge of the rights of the oratrix, made and vended machines embodying the invention.

One interrogatory, which Lewis, by note at the foot of the bill, was required to answer, asked how many machines embodying the invention had been sold by the defendants or any of them, and the prayer was that the defendants might answer the premises and be decreed to account for and pay over all profits, and damages in addition. That Lewis was an officer or agent of a corporation would give him no right to infringe the oratrix's patents, or to withhold the fruits of infringement from her, and the statement of that relation in connection with the charge of infringement would not, in legal effect, qualify the charge. Under that allegation, and an interrogatory pointing to him as a defendant charged by it, and required to answer in respect to the charge, and a prayer for relief on account of it, he was not only bound to answer as a party, but as a party from whom relief was sought by decree against him personally. His own testimony before the master shows that he owned the whole capital stock of the defendant corporation; and the report of the master shows

that he has used the corporation solely for himself, for the purpose of appearing to be an officer of it, and that its property has been, in fact, his.

The correctness of this finding has been questioned; but as there was testimony tending to establish it, and as it was involved with the question of the liability of the respective defendants in the accounting sent to the master, and he does not appear to have acted in any manner improperly or unfairly, his finding cannot, with propriety, be disturbed here. *Bridges* v. *Sheldon*, 18 Blatchf. C. C. 295, 507; S. C. 7 FED. REP. 34. On this finding, Lewis, if an officer or agent, was such for himself, and all he received in such pretended capacity he received for himself. An infringer is liable to account for the profits of the infringement to the owner of the patent, because they are the avails of the property of the owner in the hands of the infringer, which he has no right to detain from the owner. Lewis, and he alone, has these profits, which are avails of the property of the oratrix in his hands, and which he has no right to detain from her. The pretext of doing business in the name of the corporation is too flimsy to shield him from accounting for them. During a part of the time for which the account has been taken he did this business in the name of an individual, for the reason that the corporation had been enjoined. This was equally unavailing to protect him from liability.

Exceptions overruled.