IOWA BARB STEEL WIRE Co. *v.* SOUTHERN BARBED-WIRE Co. and others.

*(Circuit Court, E. D. Missouri.* March 16, 1887.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION—OFFICERS OF CORPORATION.

Where a corporation infringes a patent, its managing officers may be joined as co-defendants in a suit against it for the infringement, and may be individually enjoined from making the infringing article.

2. SAME—CONTEMPT.

Where officers of a corporation are so enjoined, and subsequently engage in the manufacture of the infringing article, as managing officers of another corporation, not licensed to manufacture under the patent, they will be guilty of contempt.

In Equity.

Motion for attachment for contempt, against Alfred Clifford and Charles H. Rowe. This was a suit against the Southern Barbed-wire Company, Alfred Clifford, John W. Gates, and Charles H. Rowe for the infringement of a patent. The bill does not state what the relation of Messrs. Clifford and Rowe is to the company, but charges them, together with the company, as infringers. Pending suit, a new corporation, the Southern Wire Co., was formed, and defendants Clifford and Rowe became its officers. After final decree and injunction entered against Clifford and Rowe and the Southern Barbed-wire Co., the new corporation continued the manufacture of the patented article, Clifford and Rowe being its officers. The decree was against all of the defendants, and all were perpetually enjoined. The other material facts are stated in the opinion of the court. For opinion concerning infringement, see 29 Fed. Rep. 863.

*John R. Bennett* and *W. M. Kinsey,* for complainant.

*J. M. Holmes* and *Walker & Walker,* for defendants.

THAYER, J. The court ruled in this case, on motion to modify the decree, (and now confirms that ruling,) that the decree in its present form was properly entered. The bill, and the evidence offered in support of the same, are sufficient to sustain the decree. If a corporation is engaged without license in the manufacture of an article protected by letters patent, its acts in that behalf are unlawful, and its managing officers cannot shield themselves from individual liability to an injunction upon the plea that what they may have done was done as officers or agents of the corporation, and not in their own behalf as principals. In the present case, the managing officers were made parties defendant to the bill, as joint wrong-doers with the corporation. They answered in that capacity also. The proof offered to show that the corporation was guilty of tortious acts, also showed that its managing officers were likewise guilty and an injunction against them was properly awarded.

In computing the damages consequent upon the infringement, if it appears that the corporation, in the first instance, derived all the profits from the unlawful manufacture, and that the managing officers have profited merely in the shape of dividends on their stock in the defendant

corporation, it may be proper to confine the accounting to the corporation. On this point, however, the court expresses at this time no decisive opinion. The rule as to the accounting may be controlled by the evidence developed on the hearing before the master as to the mode of corporate management.

With respect to the application for an attachment against the individual defendants for contempt in violating the injunction, it is sufficient to say that the injunction is broad enough in its terms to prohibit said defendants from engaging in the manufacture of "Ross barbed-wire," on their own account, or as *officers* or *agents* of some other person or corporation, unless such other person or corporation has been licensed by this complainant or its assigns to manufacture the "Ross wire." The proof submitted to me shows that defendants Clifford and Rowe, as managing officers of the Southern Wire Company, have been engaged in the manufacture of Ross wire since the service of the injunction. Their acts in that regard are clearly in contempt of the restraining order, unless the Southern Wire Company is a licensee of complainant or its assigns. They cannot shelter themselves from the injunction by the plea that they have been acting merely as agents for the corporation last named, but must show beyond question that their principal is one of complainant's licensees. Unless such fact is established, they are now in contempt.

The claim is put forward by Messrs. Clifford and Rowe that the Southern Wire Company, of which corporation they are now officers, is in effect one of the complainant's licensees, under and by virtue of a contract existing between complainant and the Washburn & Moen Manufacturing Company. Inasmuch as the rights asserted by the Southern Wire Company under said contract are not perfectly clear, and inasmuch as I have not the means on the proof now before me of determining the good faith of the parties in asserting such claim, I shall merely enter a rule at this time requiring the defendants Clifford, Rowe, and Gates to show cause in this court, on April 19, 1887, why they should not be punished for contempt in violating the injunction. And in so ordering I merely reserve the question whether the Southern Wire Company is a licensee of complainant or its assigns, and the further question of the good faith with which defendants have acted in pursuance of such claim in doing the acts already done.