BOSTON WOVEN HOSE CO. *v.* STAR RUBBER CO. *et al.*

(*Circuit Court, D. New Jersey.* June 19, 1889.)

INFRINGEMENT OF PATENTS—PARTIES.

    On bill for infringement of patents, where an individual defendant has no interest in the machines alleged to be infringements except as an officer of a defendant corporation, and there is no evidence that he as an individual has violated any of complainant's rights, or that defendant corporation is insolvent, or that a decree against it would not protect complainant, the bill will be dismissed as to him.

In Equity. Bill for infringement of patent.

*Livermore & Fish*, for complainant.
*Wm. B. H. Dowse*, for defendants.

WALES, J. The plea of the defendant, Bell, sets forth that at and before the bringing of this suit, and before the date of the letters patent, No. 361,994, he then was, and now is, the secretary of the Star Rubber Company, and also an officer of the New York Woven Hose Company, and that in such official capacity he then performed and now performs the duties of those offices; that he personally neither owned nor owns, had or has, any interest in the machines described as "circular looms," which are alleged to infringe said letters patent, either in making, selling, or using them, only in so far as he is an officer of the Star Rubber Company, or of the New York Woven Hose Company; and that all his acts in relation to the alleged infringing machines have been in his official capacity as an officer of one or the other of those companies. The form of the plea being unobjectionable, the plaintiff having set it down for argument, the facts, being well pleaded, are admitted, and the only question is as to its sufficiency. There is no evidence that the defendant corporation is insolvent, or that Bell, as an individual, has violated any rights of the complainant; nor does there appear to be any just ground for believing that a decree against the Star Rubber Company alone would not fully protect the complainant in the use of its patent, as far as that object can be obtained by the prosecution of this suit. Under these circumstances, to compel Bell to make a separate answer and defense, would only harass him, and unnecessarily increase the costs, without producing any substantial advantage to complainant. A decree for an injunction against the Star Rubber Company would bind its officers and agents, without making them personally parties to the bill, and so also a decree for an account could be made fully operative without their being joined individually as defendants. *Howard* v. *Plow Works*, 35 Fed. Rep. 745. See, also, *Nickel Co.* v. *Worthington*, 13 Fed. Rep. 392; *Ambler* v. *Choteau*, 107 U. S. 586, 1 Sup. Ct. Rep. 556; *Lewis* v. *Machinery Co.*, 21 Blatchf. 184, 19 Fed. Rep. 826. The plea is therefore sustained. Let a decree be entered dismissing the bill as to the defendant Bell.