CLEVELAND FORGE & BOLT CO. *v.* UNITED STATES ROLLING-STOCK
Co. *et al.*

*(Circuit Court, N. D. Illinois.   December 2, 1889.)*

PATENTS FOR INVENTIONS—ACTIONS FOR INFRINGEMENT—PARTIES—DEMURRER.
   The joining of the president of a corporation as co-defendant, on a complaint alleging that the corporation and the president have infringed complainant's patent, is no ground of demurrer, though there is no specific allegation that he directed or participated in the infringement complained of.

In Equity.   On demurrer to bill.
*Coburn & Thacher*, for complainant.
*J. H. Raymond*, for defendants.

BLODGETT, J., *(orally.)*   This is a bill in equity for an injunction and accounting against the defendant corporation and its president, charging the infringement of a patent owned by complainant.   The bill charges that the defendant corporation, and A. B., its president, "well knowing of complainant's rights under the patent, yet have willfully and intentionally infringed upon said patent."   To this bill a general demurrer is filed by A. B., the president, on the ground that there is no specific allegation in the bill that he personally directed or participated in the infringement complained of; that there is no case made for a discovery against him; and that singling him out from all the officers of the corporation, and making him a defendant, indicates a spirit of personal persecution for which no foundation is laid ·in the bill; citing, in support of the demurrer, *Nickel Co.* v. *Worthington*, 13 Fed. Rep. 393; *Howard* v. *Plow-Works*, 35 Fed. Rep. 743; and *Boston, etc., Hose Co.* v. *Star Rubber Co.*, 40 Fed. Rep. 167.

It has been the practice of this court, ever since patent litigation commenced here, when a corporation is charged with infringement, to join the chief executive officer of the corporation as a defendant,—that is, charging the corporation and the officer, in general terms, with the infringement; and, while this practice has been occasionally objected to in behalf of the officer, this is the first time, so far as my knowledge and memory serves me, that a demurrer has been interposed by the officer so sued.   The reason which has been urged for joining one or more of the officers as defendant or defendants in a bill of this kind is that an injunction, or other order of the court, is much more apt to secure obedience, if directed to an individual officer by name, than if it only ran against the officers and agents of the corporation by that general description, and I have always thought there was much force in the suggestion.   It seems to me there is a direct moral effect upon a defendant who is by name restrained by an injunction, which would not be felt if the mandate ran only against the officers, agents, servants, etc.   It puts the officer individually addressed by the process of the court upon notice that he must see to it that the process is obeyed, and that he will be held personally responsible for disobedience.   And the president of the corporation, as

its chief executive officer, seems to me to be ordinarily the proper person to be joined as a defendant for the purpose of bringing him directly within the jurisdiction of the court, so that its process shall operate upon him individually. It has not been the practice of this court to render a personal decree for damages or costs against an officer of a corporation, except in cases where there was such intentional and willful action of the officer, shown from the proofs, as indicated an individual purpose to infringe the patent, and violate the rights of the complainant, and when, as in one case, it was made to appear on hearing that the company was organized for the express purpose of violating the patent. So much in regard to the practice of the court. But, even if an officer of a corporation is joined as a co-defendant in such a case, with the usual allegation charging an infringement of the patent by all the defendants, does that make the bill demurrable, so far as the officer is concerned? If the bill charges an infringement by several defendants, one of which is a corporation, must it make any different case against the individual than against the corporation? The allegation that A., B., and C. have infringed a patent is enough to put them all upon answer, if the bill is otherwise sufficient; and the fact that the bill shows the individual defendant to be an officer of the defendant corporation does not require that any different or more specific words be used to charge him than if he were not such officer. The allegation in the bill that the United States Rolling-Stock Company, and A. B., its president, have infringed complainant's patent, is sufficient on its face to require an answer or plea from each defendant which shall put such allegation at issue. In neither of the cases cited by defendant was the question of the liability of an individual officer of a corporation raised by demurrer, but the question as to such liability came up on final hearing in the first two cases, and on a plea in the last one. The demurrer is overruled.