ARMSTRONG et al. v. SAVANNAH SOAP WORKS et al.

(Circuit Court, S. D. Georgia, E. D.　April 13, 1892.)

TRADE-MARK—BILL FOR INFRINGEMENT—PARTIES.
　　The directors of a corporation may be included as parties defendant in a bill against the corporation for infringement of a trade-mark.

In Equity.　Bill by Armstrong & Co. against the Savannah Soap Works and others to enjoin infringement of trade-mark.　Demurrer for improper joinder of parties defendant.　Overruled.

William G. Henderson, for plaintiffs.

J. R. Saussy, for defendants.

SPEER, District Judge. The plaintiffs have brought their bill against the defendants named, and are met by a demurrer, first, upon the ground that the bill, as originally filed, did not state an amount of damages exceeding $2,000, exclusive of interest and costs. This has been cured by an amendment, and it will not be necessary to consider the able argument of the plaintiffs' attorney, in which he insists that the court has jurisdiction of a suit for the infringement of a registered trademark, irrespective of the amount involved. A further ground of demurrer is that the directors of the defendant corporation are joined as parties defendant, which, it is insisted, is a misjoinder. In support of this proposition the defendants rely upon Story, Eq. Pl. § 235; 1 Daniell, Ch. Pr. p. 145, note 2; 9 Ch. Div. p. 552, reporting the case of Wilson v. Church. In the case last mentioned it was held that, under the English judicature act, the defendants, being officers of the corporation, were improperly joined. It is to be observed, however, in the language of Jessel, master of the rolls:

"The legislature, in adopting this act, inaugurated a totally new system of pleading, and established a new court of justice, for that is what the high court is, and one system for all kinds of actions, whether common-law actions or equity actions. There is no other practice extant applicable to equity actions. The old practice has ceased to exist. There is only one kind of action and one kind of procedure."

It was there held that, as the officers of the corporation were joined merely for the purpose of discovery, and as the discovery could be had by interrogatories in a court of law, the joinder was improper. It is perhaps unnecessary to point out that this system has no standing in the courts of the United States, where the domain of law and equity procedure is entirely distinct. In his admirable work on Equity Pleading, quoted above, Judge Story declares that the officers of a corporation, although they may be witnesses, may be joined in a suit against a corporation, because discovery may be sought from them; and in the case of Glasscott v. Miners' Co., 11 Sim. 305, cited in 1 Daniell, Ch. Pr. p. 145, the plaintiff was sued at law by a body corporate, and filed his bill for discovery only, making the governor, deputy chairman, one of the directors, and secretary of the company codefendants with the company. It was objected, upon demurrer to the bill, that an officer of the corporation could not be made a codefendant to the bill which sought for discovery only, or at any rate that the individual members could not be joined as defendants with the corporation at large; but the demurrer was overruled. These are the authorities for the decision. On the other hand, the current of authority in this country seems clearly to justify the plaintiffs' action in joining the directors. In the case of Poppenhusen v. Falke, 4 Blatchf. 493, it was held that, where persons were acting in concert in infringing a patent, although they act merely as employes of a corporation, they are liable to be sued therefor jointly in one suit. In Estes v. Worthington, 30 Fed. Rep. 465, it was held, Judge

Wallace delivering the opinion, that in torts of misfeasance, like the violation of a trade-mark, agents and servants are personally liable to the injured party; citing Bell v. Josselyn, 3 Gray, 309; Richardson v. Kimball, 28 Me. 463; Mitchell v. Harmony, 13 How. 115; Phelps v. Wait, 30 N. Y. 78. It is true that there is a class of agents—such as mere workmen in the employ of a manufacturer—against whom there can be no recovery, although they may have participated in the acts of infringement, (Id.,) but ordinarily the infringer cannot escape the responsibility by showing that he was acting for another. Maltby v. Bobo, 14 Blatchf. 53; Steiger v. Heidelberger, 4 Fed. Rep. 455. In view of the authorities cited, the demurrer must be overruled.