MERGENTHALER LINOTYPE CO. v. RIDDER et al.

(Circuit Court, S. D. New York. January 31, 1895.)

1. CORPORATIONS—LIABILITY OF OFFICERS FOR INFRINGEMENT OF PATENTS.
   Individual officers and directors of a corporation which has infringed a patent cannot be ordered to account for the profits of such infringement.

**2. SAME.**
    Whether such individual officers and directors can, in any case, be enjoined from infringing,—quaere; but where the acts of such officers and directors have been all in their official, not their individual, capacities, and there is no obstacle in the way of obtaining full relief against the corporation, and at the time of suit such officers and directors have resigned their positions, an injunction against them will be refused.

Betts, Hyde & Betts, for complainant.
Edmund Wetmore, C. J. Canda, and F. E. Canda, for defendants.

TOWNSEND, District Judge. This is a suit against the Monoline Composing Company, a corporation organized under the laws of West Virginia, and against certain individuals, charged with being the managers and controllers of said company, and with doing business under its name. The bill alleges that all the defendants, "acting, combining, and conspiring together, have jointly and severally infringed the patents in suit," and prays for an injunction and an accounting as to all and each of them. Herman Ridder has appeared and answered. Charles J. Canda and Ferdinand E. Canda have appeared and filed a plea. Neither the defendant corporation nor any of the other defendants have appeared, or are within the jurisdiction of the court.

The questions herein presented are raised by the following allegations of the plea, viz.:

"That they, nor either of them, have ever personally made, used, or sold, or caused to be made, used, or sold, any of the machines constructed or operated in accordance with the specification or claims of any of the letters' patent set forth in the bill of complaint in infringement of said letters patent, or have offered or threatened to do so."

The plea further alleges that the infringing machines were made by said nonresident defendant company, and that said defendant Charles J. Canda was formerly a director and president, and said Ferdinand E. Canda was formerly a director and secretary, of said corporation; and that early in the year 1894 they resigned their positions in said company, and are not now officers, directors, or agents thereof; and that "all their acts in relation to said machines were done solely in their official capacity as directors and officers."

The decisions, as to the individual liability of the officers and directors of corporations for infringing acts, are somewhat conflict'ng. The liability, at least to be enjoined, has been asserted in 'Goodyear v. Phelps, 3 Blatchf. 91, Fed. Cas. No. 5,581; Poppenhusen v. Falke, 4 Blatchf. 493, Fed. Cas. No. 11,279; Bliss v. Haight, 7 Blatchf. 7, Fed. Cas. No. 1,548; Maltby v. Bobo, 14 Blatchf. 53, Fed. Cas. No. 8,998; Supply Co. v. McCready, 17 Blatchf. 291, Fed. Cas. No. 295; Stamping Co. v. Quinby, 5 Ban. & A. 275, Fed. Cas. No. 12,240a; National Car-Brake Shoe Co. v. Terre Haute Car & Manuf'g Co., 19 Fed. 514; Iowa Barb Steel Wire Co. v. Southern Barbed-Wire Co., 30 Fed. 123; Cleveland Forge & Bolt Co. v. United States Rolling-Stock Co., 41 Fed. 476; Armstrong v. Soap Works, 53 Fed. 124; Fishel v. Lueckel, Id. 499; Cahoone Barnet Manuf'g Co. v. Rubber & Celluloid Harness Co., 45 Fed. 582; Edison Electric Light Co. v. Packard Electric Co., 61 Fed. 1002. That officers of a corporation,

as such, are either not liable for damages for infringement in an action at law, or will not be enjoined or ordered to account in equity, has been held in Jones v. Osgood, 6 Blatchf. 435, Fed. Cas. No. 7,487; Nickel Co. v. Worthington, 13 Fed. 392; Howard v. Plow-Works, 35 Fed. 743; Boston Woven Hose Co. v. Star Rubber Co., 40 Fed. 167. In Ambler v. Choteau, 107 U. S. 589, 1 Sup. Ct. 556, Mr. Chief Justice Waite says:

"If an account of profits is wanted, and an injunction against the further use of the patented inventions under the transfers from Whipple & Dickerson, then the suit should have been against the Missouri corporation in its corporate capacity, and not against a part only of its stockholders and directors individually."

An examination of all the cases cited by counsel shows that in none of those cited by complainant was the defendant held liable to render an accounting. In Poppenhusen v. Falke, supra; Bliss v. Haight, supra; Maltby v. Bobo, supra; Supply Co. v. McCready, supra; Iowa Barb Steel Wire Co. v. Southern Barbed-Wire Co., supra; Estes v. Worthington, 30 Fed. 465; Featherstone v. Cycle Co., 53 Fed. 110; Fishel v. Lueckel, supra,—the defendants had personally infringed, and were joint tort feasors. In Consolidated Safety-Valve Co. v. Ashton Valve Co., 26 Fed. 319; Cleveland Forge & Bolt Co. v. U. S. Rolling-Stock Co., supra; and Armstrong v. Soap Works, supra, —the question of liability was raised by a demurrer, when it should have been presented by a plea.

The case of Edison Electric Light Co. v. Packard Electric Co., supra, seems to be the one chiefly relied on to support the contention of complainant. The question was presented on final hearing under an allegation of fraud, charging that the defendant corporation and certain individual defendants had organized a nonresident corporation with a nominal capital, and were carrying on the business of manufacturing and selling infringing lamps for their own personal benefit and for the benefit of said defendant corporation. The nonresident corporation was not sued, but service was made upon said individual defendants as its officers and agents. The prayer was simply for an injunction. The court says:

"If the complainants now prayed for full relief as against them [the officers of the defendant corporation], and asked for an accounting for profits and damages against the officers, agents, and stockholders, without service upon the corporation, and that was now the question under consideration, the case would present greater difficulties. Where the corporation is a defendant duly served, its officers and stockholders cannot shield themselves from liability for damages behind their corporations."

The evidence showed flagrant acts of infringement. This case is clearly distinguishable from the one at bar.

In Supply Co. v. McCready, supra, cited by complainant, the court found that individuals owning infringing ties were employing the officers of a steamship company as their agents and servants in promoting and effecting the sale thereof; that said officers refused to disclose the names of said infringers; and that the plaintiff was therefore remediless, unless an injunction should be granted.

Of the cases cited by defendant, Nickel Co. v. Worthington, supra, was an action at law; in Howard v. Plow-Works, supra, the corpora-

tion was served and enjoined and ordered to account; in Boston Woven Hose Co. v. Star Rubber Co., supra, the bill against the individual defendant was dismissed on the ground that an injunction against the defendant corporation, which had been served, would sufficiently protect complainant; and in Kane v. Cracker & Candy Co., 44 Fed. 287, the corporation was served.

In this case the bill describes the individual defendants as persons who are the managers and controllers of, and do business under the name of, the Monoline Composing Company, but the charge of infringement is personal. The plea denies said personal charge, and alleges that all the acts of said defendants in relation to said alleged infringement were done solely in their official capacity. The defendant corporation is located in West Virginia, but is doing business in this circuit. It has not been served with process. It does not appear that the corporation is insolvent, or that there is any obstacle in the way of obtaining full relief against it. In these circumstances, the individual defendants cannot be ordered to account. The cases cited are not decisive as to their liability to be enjoined. But the application of the principles stated to the facts appearing by the pleadings herein has satisfied me that sufficient grounds have not been shown for granting such an injunction. A decree against said corporation here or in its place of residence would be binding upon its officers and agents, and would sufficiently protect the rights of complainants. As these individual defendants have never personally infringed upon the rights of complainant, but only as managers or controllers of said defendant corporation, and as they are no longer its officers or agents, I think the court will be justified in assuming that they do not intend to infringe, and may, therefore, in its discretion, withhold the writ. The plea is sustained.