CONSOLIDATED BRAKE-SHOE CO. et al. v. CHICAGO, P. & ST. L. RY. CO. et al.

(Circuit Court, S. D. Illinois, S. D. August 8, 1895.)

1 PATENTS—BILL FOR INFRINGEMENT—WHO ARE INFRINGERS.
Where corporations and their officers are sought to be held for infringement as joint tort feasors, and there is no direct proof that the individual defendants either directed the infringement or participated in the profits thereof, as to them the bill should be dismissed.

2. SAME—COSTS.
In such case, however, where it appears that the individual defendants were the managing officers of the corporations, and that the infringement occurred through the direction given by them to use complainants' device by specific reference to its name, the dismissal should be without costs.

3. SAME—PATENTABILITY—ANTICIPATION—PRIOR STATE OF THE ART.
An invention consisting of a shoe for car brakes, having its body made of cast iron, with pieces or sections on its face of a different kind of metal, is valid, though the prior state of the art shows composite frictional bearing surfaces composed of different materials other than metal, and also shows a prior patent granted for a journal bearing.

4. SAME—DEVICE OF A SHOE FOR CAR BRAKES.
The Congdon patent, No. 174,898, for a shoe for car brakes, held valid, and infringed.

This was a bill by the Consolidated Brake-Shoe Company and another against the Chicago, Peoria & St. Louis Railway Company and others for alleged infringement of a patent for a shoe for car brakes. Decree for complainants, except as against defendants William S. Hook and C. A. Henderson, as to whom the bill is dismissed.

William A. Redding and James H. Raymond, for complainants.

Isaac L. Morrison, B. D. Lee, Bluford Wilson, and A. C. Fowler, for defendants.

ALLEN, District Judge. This suit was brought by the Consolidated Brake-Shoe Company, of New Jersey, which, at the date of the commencement of the suit, owned the legal title to letters patent of the United States numbered 174,898, issued March 21, 1876, to Isaac H. Congdon, and by the Congdon Brake-Shoe Company,

which, at the date of the commencement of the suit, was an exclusive licensee for a territory including the whole of this jurisdiction to make, to use, and to sell the improvements described in said letters patent, against the Chicago, Peoria & St. Louis Railway Company, the Louisville & St. Louis Railway Company, the Litchfield, Carrollton & Western Railway Company, severally, and as comprising the Jacksonville Southeastern Line, and against William S. Hook and C. A. Henderson, as officers and agents for said railway companies and for said line.   While it has been frequently held that general allegations of infringement in suits against corporations and officers of corporations as joint tort feasors are sufficient to hold the individual defendants until the entry of a final decree, and especially in cases in which individual defendants should be held, in order that force and effect may be given to any order or decree of the court, whether interlocutory or otherwise, I find in this case an absence of specific proof to the effect that the individual defendants Hook and Henderson either directed the infringement complained of or participated in the profits thereof, and therefore conclude that the bill should be dismissed as to them.   But, it sufficiently appearing that they were the managing officers of this railway line during the infringement complained of, and that the complainants' device was specified by name to the car builders who built cars for them, the dismissal as to these individual defendants will be without costs. Walk. Pat. p. 319; Rob. Pat. p. 78; Iowa Barb Steel Wire Co. v. Southern Barbed-Wire Co., 30 Fed. 123; Estes v. Worthington, Id. 465; Cleveland Forge & Bolt Co. v. U. S. Rolling-Stock Co., 41 Fed. 476; New York Grape Sugar Co. v. American Grape Sugar Co., 35 Fed. 212; Cahoone Barnet Manuf'g Co. v. Rubber & Celluloid Harness Co., 45 Fed. 582; Featherstone v. Cycle Co., 53 Fed. 110.

While other questions have been raised in argument and on the briefs, I have concluded that the controlling question in this case is the question of the validity of the complainants' patent under the pleadings, the exhibits, and evidence.   The specifications of the patent sued upon state:

"My invention consists of a shoe for car brakes, having its body made of cast iron, with pieces or sections on its face of a different kind of metal, said sections being composed of malleable cast iron, steel, or wrought iron, as hereinafter more fully set forth."

After referring to a method of constructing this brake shoe, the specifications further refer to the fact that "in all railroad shops there is always an accumulation of broken springs," etc., that is harder refuse metal, which may be imbedded in the softer metal of the brake-shoe casing, and thus present a dual frictional surface to the wheel.   It is true that the prior state of the art, as exhibited by the evidence, shows composite frictional bearing surfaces composed of different materials,—as, for instance, of wood and rubber, —and also shows a prior patent granted to one McCaffrey in 1874 for a journal bearing; but it is clear to the court that none of these prior devices were ever intended to accomplish, or did accomplish, or were capable, without further invention, of accomplishing, the result accomplished by Congdon as disclosed in the patent sued

upon. This conclusion is confirmed by the facts, abundantly proved: (1) That the Congdon patent formed the basis of an art; (2) that it obtained, by its own merit, a trade-name; (3) that it went into general use; and (4) that it was specified to the car builders by its trade-name, and thus fully recognized by the defendants. Consolidated Brake-Shoe Co. v. Detroit Steel & Spring Co., 47 Fed. 894; Krementz v. S. Cottle Co., 69 O. G. 241, 13 Sup. Ct. 719 (Shiras, J.), citing Loom Co. v. Higgins, 105 U. S. 580; Consolidated Safety-Valve Co. v. Crosby Steam Gauge & Valve Co., 113 U. S. 157, 5 Sup. Ct. 513; Magowan v. Packing Co., 141 U. S. 332, 12 Sup. Ct. 71; Washburn & Moen Manuf'g Co. v. Beat 'Em All Barbed-Wire Co., 143 U. S. 275, 12 Sup. Ct. 443; Gandy v. Belting Co., 143 U. S. 587, 12 Sup. Ct. 598; Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825.

Let a decree be entered sustaining complainants' title to the patent sued upon, as pleaded in the bill of complaint, finding that the defendants have infringed the same; that the said patent is a good and valid patent for a brake shoe for railway cars, composed of different metals, and having inserted bearing pieces of a harder metal than the metal composing the body of the shoe; and dismissing said bill, but without costs, as to the defendants Hook and Henderson.