GLUCOSE SUGAR REFINING CO. v. ST. LOUIS SYRUP & PRESERVING CO. et al.

(Circuit Court, E. D. Missouri, E. D.   February 25, 1905.)

No. 5,086.

PATENTS—INFRINGEMENT BY CORPORATION—LIABILITY OF OFFICERS.

The president of a corporation not alleged to be insolvent cannot properly be joined with the corporation as defendant in a bill for an injunction and accounting for an alleged infringement of a patent by the corporation merely because as such president he directs the business of the corporation.

In Equity. Suit for infringement of patent. On demurrer to bill for misjoinder of defendants.

R. H. Parkinson and W. B. Homer, for complainant.
Rassieur, Schnurmacher & Rassieur, for defendant.

ADAMS, District Judge. This is a suit on letters patent of the United States No. 491,234, for an injunction and accounting, in which the defendant preserving company and Rudolph Wintermann, its president, are made defendants. Besides the formal and unnecessary confederacy clause, the only averment of fact making the defendant Wintermann liable is as follows:

"Your orator further shows that the said St. Louis Syrup & Preserving Company has carried on and is carrying on said infringement as aforesaid under the direction and with the knowledge and authority of said Rudolph Wintermann, president thereof."

A demurrer for misjoinder of Wintermann as a defendant is filed. In view of the allegations of the bill, it is necessary to consider whether a president of a corporation may be joined in a bill for an injunction and accounting in a patent case merely because, as such president, he directs the business of his corporation.

As already seen the charge is that the corporation is doing the wrongful act, but is doing it under the direction and with the knowledge and authority of its president. There is no charge of any other misconduct on the part of the president than such as is incidental to his position as chief executive officer of the corporation. There is no charge that he is personally infringing complainant's rights, or that he is deriving any personal benefit therefrom, or that he is making use of a sham corporate organization to shield himself from liability for his own wrongful conduct, or that the corporation is insolvent or otherwise irresponsible for its conduct. The question, therefore, is whether, in a bill in equity for an injunction and accounting against a corporation alleged to be engaged in infringing complainant's patent, the president of that corporation may properly be joined as a defendant merely because he is such president?

A corporation is an artificial body—an entity separate from its officers, directors, and stockholders. It is authorized by the law under which it is created to do certain business, and is by the same

law held accountable for its conduct. As such artificial body, it is not self-actuating or controlling. It is necessarily moved to action by an outside force, and it is only when this outside force, which is the board of directors or executive officers, directs an act to be done, that the corporation acts at all. In a theoretical sense, it is true, the executive officers are said to be agents of the corporation, but in reality they are the moving force itself of the corporation. In these respects executive officers of a corporation differ materially from the agent of a natural person.

The general rule that agents are not excused from liability for their wrongs or torts because while performing the wrongful acts they are acting for and in the service of another cannot be gainsaid. Mitchell v. Harmony, 13 How. 136, 14 L. Ed. 75. But the application of this rule to the president of an existing solvent corporation, when acting solely for the corporation in the conduct of its business, and when sued with the corporation in equity for an injunction and accounting in a patent case, is another matter. What beneficial purpose can be subserved by joining a president or other executive officer as a defendant in such a case? The injunctive order, whether preliminary or final, against a corporation, may, and properly does, go against the corporation itself, its officers, agents, servants, and employés, so that they, and each of them, are as effectually enjoined without being made parties to the suit as if they were made such parties. And if any accounting for profits is decreed, it is firmly settled that such a decree goes only against that party which by the use and sale of the infringing device has made the profits Elizabeth v. Pavement Co., 97 U. S. 126, 24 L. Ed. 1000; Keystone Mfg. Co. v. Adams, 151 U. S. 139, 14 Sup. Ct. 295, 38 L. Ed. 103; Coupe v. Royer, 155 U. S. 566, 583, 15 Sup. Ct. 199, 39 L. Ed. 263: Belknap v. Schild, 161 U. S. 10, 26, 16 Sup. Ct. 443, 40 L. Ed. 599.

In exceptional cases, where damages to the owner of a patent, other than for the profits made by the infringer, are allowed, it is equitable, at least, whatever may be the strict rule at law, that the real infringer, who has received the sole advantage and benefit accruing therefrom, should primarily be made to respond; and certainly, as between one so benefited and the agent acting only in the line of his duty, the doctrine of respondeat superior should prevail.

When the corporation itself is not shown to be insolvent or otherwise unable to respond to any possible decree for damages, and when no showing is made that the individual officer is making any colorable use of the corporation for his own benefit, and when no showing is made that he is individually interested, it is not equitable to subject him personally to the expense and trouble of making a separate defense. A possibility exists that it might be convenient to have him bound by the decree for damages, if one should be rendered, so that in the event the solvent corporation should become insolvent, and the damages not collectible from it, the complainant might have immediate recourse upon him. But in a case where, at the institution of the suit, facts do not exist to render the necessity of any such recourse probable enough to justify a showing to that effect, the court cannot anticipate such a contingency and make pro-

vision for it. The practical result of the contention of complainant's counsel would, as was admitted by him in argument, render all the executive officers and directors of a corporation, if not, indeed, its stockholders, subject to a suit in all cases when their corporation, however solvent, and with whatever good faith it acted, should be sued for the infringement of a patent. I am unable to reach a conclusion in this case that would justify such inequitable, useless, and expensive procedure.

Some language employed by the writer of this opinion in the case of Peters v. Union Biscuit Company (C. C.) 120 Fed. 679, 686, is referred to by counsel of complainant in support of his contention; but, when the peculiar facts of that case are considered, it will be observed that its stress rests in the following extract from the opinion:

"The executive officers of a corporation who necessarily inspire all its acts cannot shield themselves behind an artificial and sometimes irresponsible creation from the consequences of their own acts, even though performed in the name of the artificial body."

The principle thus announced is doubtless sound, and is now fully recognized. No person can act for himself in any adopted name, artificial or otherwise, and escape liability for his own acts. No person or persons can organize a sham corporation with the intention of working through it and in its name for their own individual purposes, and escape liability for their wrongful conduct. Other general expressions found in the opinion in the Peters Case must be taken as applicable to the peculiar facts of that case only; otherwise such expressions must be disapproved.

It is readily admitted that there is much contrariety of judicial opinion on this subject. I have examined all the cases, and, with great respect for the learned judges who have written the opinions, I believe that such opinions as favor the joining of officers of corporations merely because of the relation of agency existing between them and the corporation give too much consideration to the technical rule of law subjecting agents to liability for their torts, even when committed in the line of their duty, and too little consideration to the peculiar relation, involving the practical absorption of the agent in the principal, existing between the chief executive officers of a corporation and the corporation itself, and especially too little consideration to the real necessity of making such officers parties defendant for the purpose of any equitable relief to which the owner of a patent is entitled. The principal cases supporting complainant's contention are Iowa Barb Steel Wire Co. v. Southern Wire Co. (C. C.) 30 Fed. 123; Cleveland Forge & Bolt Co. v. United States Rolling Stock Co. (C. C.) 41 Fed. 476; Armstrong v. Savannah Soapworks (C. C.) 53 Fed. 124; Graham v. Earl, 92 Fed. 155, 34 C. C. A. 267; National Cash Register Co. v. Leland, 94 Fed. 502, 37 C. C. A. 372, and cases and text-books therein cited. On the contrary, the conclusion now reached in this case is supported by the following authorities: United Nickel Co. v. Worthington (C C.) 13 Fed. 392; Smith v. Standard Laundry Mach. Co. (C. C.) 19

Fed. 826; Howard v. St. Paul Plow Works (C. C.) 35 Fed. 743; Boston Woven Hose Co. v. Star Rubber Co. (C. C.) 40 Fed. 167; Mergenthaler Linotype Co. v. Ridder (C. C.) 65 Fed. 853; Consolidated Brake Shoe Co. v. Chicago, P. & St. L. Ry. Co. (C. C.) 69 Fed. 412; Rowbotham v. George P. Steel Iron Co. (C. C.) 71 Fed. 758; Consolidated Fastener Co. v. Columbian Fastener Co. (C. C.) 79 Fed. 795; Bowers v. Atlantic, G. & P. Co. (C. C.) 104 Fed. 887; Loomis-Manning Filter Co. v. Manhattan Filter Co. (C. C.) 117 Fed. 325; Farmers' Mfg. Co. v. Spruks Mfg. Co. (C. C.) 119 Fed. 594; Greene v. Buckley (C. C.) 120 Fed. 955; Hutter v. De Q. Bottle Stopper Co., 128 Fed. 283, 62 C. C. A. 652; Ambler v. Choteau, 107 U. S. 586, 590, 1 Sup. Ct. 556, 27 L. Ed. 322.

Concerning the foregoing cases, it may be remarked that the case of Boston Woven Hose Co. v. Star Rubber Co., supra, is a case in which the officer was held liable because he was not using the corporate name in good faith, but was making a pretext of doing business in the name of the corporation, but in reality for his own benefit. This, the court says, "is too flimsy to shield him from accounting." In Mergenthaler Linotype Co. v. Ridder, supra, Judge Townsend collects the then existing authorities pro and con on the question now before the court, and says that many of the cases which announce the rule favorable to joining officers with the corporation are cases in which the individuals had personally infringed, and were joint tort feasors. As to the case before him, he says:

"In this case the bill describes the individual defendants as persons who are the managers and controllers of, and do business under the name of, the Monoline Composing Company, but the charge of infringement is personal. The plea denies said personal charge, and alleges that all the acts of said defendants in relation to said alleged infringement were done solely in their official capacity. * * * It does not appear that the corporation is insolvent, or that there is any obstacle in the way of obtaining full relief against it. In these circumstances, the individual defendants cannot be ordered to account."

In the case of Hutter v. De Q. Bottle Stopper Co., supra, Judge Coxe writes the opinion for the Court of Appeals for the Second Circuit. He collates the authorities, and concludes as follows:

"Francis H. Ruhe, who is alleged in the bill to be secretary, treasurer, and one of the directors of the defendant company, is made a party defendant. There is not the slightest proof to establish infringement by him as an individual, and no sufficient reason is shown for making him a defendant. An injunction against the corporation restrains all its officers, agents, and servants; and there is little justification for making these persons defendants, except in rare instances, where it is shown that they have infringed the patent as individuals, or have personally directed infringement. The courts of this circuit have frequently had occasion to criticise this practice, and have in some instances imposed costs upon the complainant as a penalty for thus subjecting innocent parties to the expense and annoyance of defending themselves against an unwarrantable accusation."

In the case of National Cash Register Co. v. Leland, supra, in the Circuit Court of Appeals for the First Circuit, a majority only of that court reached the conclusion favorable to joining the officers of a corporation. One of the judges dissented therefrom.

As a result of the consideration of all the cases, I am of opinion

that the weight of authority, and especially of the more recent cases, as well as reason, is against the complainant's contention in this case.

The demurrer will therefore be sustained.