WHITING SAFETY CATCH CO. v. WESTERN WHEELED SCRAPER
                              CO. et. al.

(Circuit Court, N. D. Illinois, E. D.    May 23, 1905.)

No. 27,256.

PATENTS—SUIT FOR INFRINGEMENT—PARTIES.

A corporation and an individual may be joined as defendants in a suit for infringement of a patent, where it is alleged that the individual defendant owns practically all of the stock of the corporation and personally directs its affairs, and that they conspired together to commit the acts of infringement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 459, 471.]

In Equity.   On demurrer to bill.

W. A. Panneck and Francis A. Hopkins, for complainant.
Offield, Towle & Linthicum, for defendants.

KOHLSAAT, Circuit Judge.   The cause comes before the court on demurrer to complainant's bill.   The bill joins the defendant corporation with its principal stockholder and manager, Smith, in a proceeding for infringement and accounting.   It alleges (clause 4) that the defendants, conspiring to injure complainant and deprive it of the profits arising from certain letters patent, jointly and severally unlawfully used and sold articles covered by the patent in suit; that (4a) Smith is the owner of all but a mere nominal amount of the stock of defendant corporation and directs its affairs, and is personally active in directing the infringement complained of, and himself commits the infringement.

The main ground of demurrer is that there is a misjoinder of parties defendant, in that it is attempted to join an officer of the defendant corporation with the corporation.   In the case of Glucose Sugar Refining Co. v. St. Louis Syrup & Preserving Co. (C. C.) 135 Fed. 540, it is laid down that an official of a solvent corporation cannot be joined with the corporation in a suit for infringement and accounting, merely because as such he directed the business of the corporation.   See, also, cases therein cited.   In Hutter v. De Quincy Bottle Stopper Co. et al., 128 Fed. 283, 62 C. C. A. 652, Judge Coxe, speaking for the Circuit Court of Appeals for the Second Circuit, says that, in the absence of proof establishing the official's infringement by himself as an individual, to join him is unwarrantable and reprehensible.   "An injunction," says the court, "against the corporation, restrains all its officers, agents, and servants, and there is little justification for making these persons defendants, except in rare instances, where it is shown that they have infringed the patent as individuals or have personally directed infringement."   In National Cash Register Co. v. Leland, 94 Fed. 502, 37 C. C. A. 372, a majority of the court, speaking by Judge Lowell, hold that a director who, by his vote or otherwise, specifically directed the infringement, may be joined with the corporation in a suit brought to recover damages for such infringement.   To the same effect

are Robinson on Patents, § 912; Ferguson v. Earl of Kinnoull, 9 Clark & F. 251.

Applying the rule to the case at bar, the facts would seem to bring it squarely within the exception named in Hutter v. De Quincy Bottle Stopper Co., supra; for here it is alleged that the defendants, conspiring together, did the acts complained of and that Smith, being in full control of the corporation himself, through it, did infringe. This is a liberal statement of the substance of the bill, for it comes very near alleging that Smith alone committed the act of infringement. The matter is one fairly to be considered after the evidence is in, and the court should not be called upon to dispose of it upon demurrer, in view of the somewhat mixed, but still sufficient, allegations of the bill.

The demurrer is overruled.