### SIMPLEX ELECTRIC HEATING CO. v. LEONARD, et al.

(Circuit Court, S. D. New York. July 7, 1906.)

1. PATENTS—INFRINGEMENT—BILL—PARTIES.

Where, in a suit to restrain the infringement of a patent, the facts alleged and admitted showed that defendant L. used the L. Co. merely as a name or cloak under which to commit acts of infringement, that L. was bound by a decree in favor of plaintiff in another suit for infringement, and that the L. Co. was really the same thing as L. himself, the company was bound by such decree, and both were therefore proper parties to the bill.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 470–472.]

2. SAME.

In a suit to restrain the infringement of a patent, a party who was alleged to be encouraging the manufacture and sale by the other defendants of the infringing device and was closely connected with the transactions complained of was a proper party to the bill.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 470–472.]

In Equity.

Duncan & Duncan, for complainant.
Kenyon & Kenyon, for defendant.

PLATT, District Judge. In view of the action about to be taken, an elaborate statement of the controversy in suit seems unnecessary.

Suffice it to say that the court offered an attentive ear at the hearing, and has refreshed its recollection by a careful reading of the bill and demurrers, and of the briefs presented by counsel.

The reasons presented against the propriety of making Leonard and the Leonard Company joint defendants are not at all persuasive. The facts alleged and admitted show that Leonard uses the Leonard Company merely as a name or cloak, under which the acts of infringement are committed, and that the privity between Leonard and the defendant in the Connecticut suit was such that Leonard is bound by the decree in that suit, and that the Leonard Company, being really the same thing as Leonard himself, is also bound by the decree. Their joint interests appear all along the line.

One hesitates for a moment as to the Carpenter Enamel Rheostat Company, but upon reflection, it comes to this. The Morford patent 490,034, January 17, 1893, and the Carpenter patent 447,023, February 24, 1891, are identical. The latter has been found by the Patent Office and by the Circuit Court in Connecticut to have been mistakenly issued, and Morford has been found to be the original inventor. The Carpenter Company has a nonassignable license under the Morford patent, but it has stopped making thereunder. The Carpenter Company has also an exclusive license under the Carpenter patent which received a mortal blow in the Connecticut decision. Not content with stopping the making of rheostats for which it could be held to account under the Morford license, it aids the other defendant, the Leonard Company, by permitting the use of its rights under the Carpenter patent; and so, to use the language of the bill, is encouraging the manufacture and sale by the other defendants of the infringing device. The bill does not seek recovery from the Carpenter Company for royalties which may be due under the Morford license.

It is not especially important in the exploitation of the alleged injuries that the Carpenter Company should be joined as a party defendant, but its connection with the story is so close, and so inextricably interwoven with the main cause of complaint, that it will be taken in as a proper party defendant. All the doings are not only alleged to have been joint, but, upon examination, they are found to have been, in fact, joint. H. Ward Leonard is so plainly the party in control, with power to pull the wires which produce the results, that he cannot hide behind the subterfuge that he was merely an officer of the companies, and obtain personal immunity under the Glucose Case (C. C.) 135 Fed. 540.

Let the demurrers be overruled, and the defendants required to answer on or before the next rule day.