MALONEY v. SEARS. See Case No. 7,494.

---

## Case No. 8,998.

MALTBY et al. v. BOBO.

[14 Blatchf. 53; 2 Ban. & A. 459.][1]

Circuit Court, S. D. New York. Nov. 18, 1876.

PATENTS—INFRINGEMENT—INJUNCTION—NO INTEREST.

The fact that a defendant who has sold an article which infringes on a patent, sold it on behalf of its owner, and had no interest in it, or in its sale, is no ground for refusing to grant an injunction against him.

[Cited in Steiger v. Heidelberger, 4 Fed. 458; Estes v. Worthington, 30 Fed. 465; Armstrong v. Savannah Soap Works, 53 Fed. 126.]

[This was a bill by Douglass F. Maltby and others against Angus L. Bobo for an injunction to restrain certain infringements.]

Francis Forbes, for plaintiffs.
Andrew J. Todd, for defendant.

JOHNSON, Circuit Judge. The plaintiffs' bill of complaint contains all the averments of fact to make out their right and the infringement thereof by the defendant. The facts are verified by the usual oath. The

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 2 Ban. & A. 459; and here republished by permission.]

right of the plaintiffs is further supported by affidavit, showing that the plaintiffs have obtained against another defendant, in this court, an interlocutory injunction, and that, after some litigation, defendant submitted to a decree. Upon this state of the case an injunction is moved for. The defendant presents no denial of any of the alleged facts, by affidavit or otherwise, but only alleges, by way of plea, that, in selling the nail pullers mentioned in the bill. he was acting as salesman for one Dickerman, the owner of the nail-pullers, and that he had no interest in the nail-pullers, or in the sale of them, except as the employee of Dickerman, to dispose of the same. The plea has been set down for argument, but has not yet been heard; but I do not understand, that any absolute rule of practice prevents the granting of an injunction in such a case. It is, of course, necessary to look at the sufficiency of the plea, which I regard as presenting no defence to the bill. A wrong-doer cannot set up that he is doing wrong on account of a third person, as a bar to his own responsibility. The principal, also, may be liable, if the injured party elects to look to him; but the person who is actually doing the wrong cannot escape liability. Inasmuch. therefore, as the case made by the bill is wholly undefended, and as the plea states the fact which is, in law, an infringement, an injunction must be granted.