## STEIGER v. HEIDELBERGER.

*(Circuit Court, S. D. New York. November 12, 1880.)*

1. INFRINGEMENT—EMPLOYE—COMMISSIONS—INJUNCTION.—*Held*, under the circumstances of this case, that an employe is liable to account for the commissions derived by him from the sale of infringing goods, and that he could be enjoined from making any further sales.

2. SAME—EMPLOYER AND EMPLOYE—PLEA IN BAR.—*Held, further*, that a suit against the employer in another district, for such sales, could not be pleaded in bar to a suit against such employe for an account and injunction.

*Francis Forbes*, for plaintiff.

*Furman Sheppard*, for defendant.

BLATCHFORD, C. J. The bill in this case is filed for the infringement of a patent. It charges that the defendant has infringed by making, using, and selling the invention patented, which is an "improvement in show-cards for embroidery." The infringement is alleged to have been committed in this district and elsewhere in the United States. The bill prays for the payment of the profits made by the defendant from the infringement, and of the damages sustained by the plaintiff therefrom, and for an injunction against the defendant restraining him from making, using, or vending any show-cards containing said improvement.

The defendant has interposed a plea to the bill, and it has been set down for argument and argued. It sets forth that the defendant has been and is employed by the persons composing the firm of Loeb & Schoenfeld, which firm is engaged in business in Philadelphia, within the jurisdiction of the circuit court of the United States for the eastern district of Pennsylvania, such persons being resident at Philadelphia; that his business is to visit divers places and exhibit to buyers samples of the goods made by said firm, and solicit offers or orders for the purchase of such goods; that such orders or offers, when received by him, are transmitted by him to the said firm in Philadelphia; that said firm, in case the offers or orders are satisfactory to it as respects price, the solvency or pecuniary ability of the proposed buyers, the terms and conditions of the proposed purchase, and other particulars, accepts the same, makes the sale, supplies the goods, charges them to the proposed buyer, and renders to him directly a bill for the same; that the defendant in such case receives a commission on the amount of the sale; that if the order or offer is not satisfactory, it is declined by the firm and no sale is made, and the defendant receives no commissions; and that he has not in any other way made or sold show-cards for embroidery containing the patented invention.

The plea also sets forth (2) that before the bill in this suit

was filed the plaintiff filed a bill in said circuit court in Pennsylvania against the members of said firm, for an infringement of said patent by them, by making, using, and selling show-cards for embroidery alleged to contain said patented invention, and praying for a decree that they pay to him all profits realized from said infringement, and all damages sustained by him thereby, and for an injunction restraining them from making, using, or vending any show-cards containing said improvement; that the defendants in said suit were served with process therein, and appeared and answered said bill, setting up a defence; that said answer was replied to, and said suit is pending undetermined; that said bill is for the same subject-matter and things, and the same alleged grievances, as are set forth in the bill against this defendant, and in fact, legal effect, and intendment; prays a remedy and relief against and damages and profits for and on account of, among other things, the alleged acts of this defendant, as set forth in the present bill against him, and that said alleged acts of this defendant, as an employe of Loeb & Schoenfeld, are, in contemplation of law, deemed and taken to be, and are included within, and constitute a part of, the alleged wrongs and grievances sued for in said bill filed in Pennsylvania, and that the rights, relief, profits, and damages, if any, to which the plaintiff is entitled by reason thereof, constitute a portion of the subject-matter and of the claim of said bill against Loeb & Schoenfeld, and are recoverable thereunder; and that, therefore, this defendant pleads said former bill and answer as a bar to the present bill.

As to the first branch of the plea, or the first plea, whichever it may be, (no point being made or decided as to whether there are two pleas or only one, or, if two, as to the propriety of pleading two pleas without leave,) the plea must be overruled. The substance of it is that the defendant is not liable in this suit for what the plea sets forth as having been done by him. This is not so. The plea shows that the defendant has made a separate and independent profit to himself out of the sale of such goods as he has been instrumental in selling, by receiving a commission thereon, in which commission Loeb

& Schoenfeld have no interest; that his commission is dependent on the sales; that he has made the sales for the purpose of receiving the commission; and that he obtains the commission by making the sales. This is a distinct profit from any profits made by Loeb & Schoenfeld. The commission to this defendant would not be included in any profits to be accounted for by Loeb & Schoenfeld; and such commission is a direct profit to this defendant from the sale of the goods. Moreover, this defendant, although selling only under the circumstances set forth, is liable to be restrained in this court, by an injunction, from selling the infringing goods, and this suit is properly brought against him for that purpose. This court has obtained jurisdiction over his person. The plaintiff has a right to restrain the defendant, by injunction, from participating, in the way set forth, in such sales, although a bill will also lie against Loeb & Schoenfeld to restrain them from participating, in the way they do, in the same sales. *Maltby* v. *Boto,* 14 Blatchf. 53.

As to the second branch of the plea, or the second plea, it follows, from the foregoing observations, that the pendency of the suit in Pennsylvania against Loeb & Schoenfeld is no bar to this suit. This defendant is not a defendant in that suit, and no injunction therein could be issued against him by name; and, although an injunction therein against the defendants therein might reach them for the acts of this defendant as an employe of theirs, yet, although he is an employe of theirs, in one sense, in what he does, he is independent of them in the profit he makes by his commission on sales, although he may receive his commission through them out of the sale price, and it is proper that the plaintiff should have an independent injunction against him in this suit. Again, as before said, the bill in Pensylvania would not make the defendants therein account for the commission received by this defendant. This, therefore, is not the case of another suit pending between the same parties in another jurisdiction for the same subject-matter.

The plea is overruled, with costs, and the defendant will be assigned to answer the bill.