ESTES *v.* WORTHINGTON and others.

(*Circuit Court, S. D. New York.* April 12, 1887.)

1. PLEADING—EQUITY—PLEA IN ABATEMENT—ANOTHER SUIT PENDING.
   To a bill against W. and others, a plea averring the pendency of another suit by complainant against W. must be overruled, since the plea of another suit pending is good only when the first suit is between all the same parties.

2. SAME—TRADE-MARKS—INFRINGEMENT—MASTER AND SERVANT.
   An averment in the plea that W.'s co-defendants were only his servants and agents does not make W. the sole true defendant, and thus render the plea good, since agents and servants are liable jointly and severally with their masters for their torts of misfeasance, like infringements of trade-marks.

In Equity. Bill for injunction and an accounting.
*G. G. Frelinghuysen,* for complainant.
*George A. Black,* for defendants.

WALLACE, J. The plea which has been set down for argument must be overruled, because the plea of another suit pending is good only when the first suit is between all the same parties, and a full decree can be had therein respecting the matters of the second suit. Neither of these conditions exist in the present case. The bill alleges that the several defendants, including Richard Worthington, have been guilty of joint acts of infringement of the complainant's trade-mark, and it prays for an injunction and an accounting against all the defendants. The plea avers the pendency of another suit brought by the complainant against Richard Worthington for the same matters, and also avers that the defendants other than Richard Worthington were his agents and servants in doing the wrongful acts complained of. It is not necessary to the sufficiency of a plea of another suit pending that the former suit should be precisely between the same parties as the latter. Story, Eq. Pl. § 738. No person should be made a party who has no interest in the suit, and against whom no decree can be had at the hearing; and for this reason a person who is a mere agent for another in the transactions in controversy ought not generally to be made a party defendant, unless his presence is necessary for the purposes of discovery. See *Earl of Egmont* v. *Smith,* 6 Ch. Div. 469; *Attwood* v. *Small,* 6 Clark & F. 352; *Weise* v. *Wardle,* L. R. 19 Eq. 171. And it has been held in suits for infringements of patents that there is a class of agents, such as mere workmen in the employ of a manufacturer, against whom there can be no recovery, although they may have participated somewhat in the acts of infringement. *Delano* v. *Scott,* Gilp. 498; *United Nickel Co.* v. *Worthington,* 13 Fed. Rep. 393. But ordinarily the infringer cannot escape responsibility by showing that he was acting for another. *Maltby* v. *Bobo,* 14 Blatchf. 53; *Steiger* v. *Heidelberger,* 4 Fed. Rep. 455.

In torts of misfeasance, like the violation of a trade-mark, agents and servants are personally liable to the injured party. *Bell* v. *Josselyn,* 3 Gray, 309; *Richardson* v. *Kimball,* 28 Me. 463; *Mitchell* v. *Harmony,* 13

How. 115; *Phelps* v. *Wait*, 30 N. Y. 78. All persons' procuring or assisting in the commission of a trespass are principals in the transaction, and both the master who commands and the servant who does the act of trespass may be made responsible as principals, and may be sued jointly or severally for damages, as the injured party may elect. *Lightner* v. *Brooks*, 2 Cliff. 287. A joint action will lie against the principal and agent. *Wright* v. *Wilcox*, 19 Wend. 343. If separate actions are brought against several joint trespassers, the plaintiff may proceed to judgment in all; and the judgment against one is not a bar to a trial and recovery against the others, although there can be but one satisfaction. *Livingston* v. *Bishop*, 1 Johns. 289.

It follows that the defendants, although they were only the agents or servants of Richard Worthington in doing the wrongful acts sought to be restrained, and for which damages are claimed, are responsible to the complainant, and the complainant has the right to pursue them, and obtain the relief prayed for, although he is pursuing Richard Worthington at the same time in another suit for the same wrongs. The facts alleged in the plea may authorize an application by Richard Worthington to stay the prosecution of the first suit against him during the pendency of the present suit, but they are insufficient for the purposes of a plea.