CARTER & CO., Limited, v. WOLLSCHLAEGER.

(Circuit Court, N. D. New York.   October 17, 1892.)

No. 6,062.

1. PATENTS FOR INVENTIONS—PRELIMINARY INJUNCTIONS—PRIOR DECISIONS IN FOREIGN COURT.
    Decisions by Canadian courts sustaining the validity of a patent, while not controlling, are entitled to consideration on a motion for preliminary injunction.

2. SAME—PRELIMINARY INJUNCTION IN ANOTHER CIRCUIT.
    On a motion for preliminary injunction, a decision in another circuit upholding the patent and awarding a preliminary injunction after elaborate argument by experienced counsel, is entitled to great weight, it appearing that the cause never proceeded to final hearing.

3. SAME—NEW EVIDENCE.
    Where the field of invention is circumscribed and minute differences are of utmost importance, the weight to be attached, on a motion for preliminary injunction, to a prior adjudication sustaining the patent, cannot be easily destroyed by evidence as to anticipating devices not presented in the former case, when such evidence consists of the ex parte statements of witnesses as to devices not seen by them for 13 years.

4. SAME—LACHES.
>On a motion for a preliminary injunction against infringing a patent, complainant cannot be held guilty of laches because a suit on the same patent was pending in another circuit in June, which might have been heard at the October term following, if complainant had labored diligently during July and August.

5. SAME—AMOUNT OF INFRINGEMENT.
>A preliminary injunction will not be denied merely on the ground that the infringement is so small that it does not seriously imperil complainant's business.

6. SAME — VALIDITY — PRELIMINARY INJUNCTION — DUPLICATE MEMORANDUM SLIPS.
>On a motion for a preliminary injunction against the infringement of the first claim of letters patent No. 288,048, issued November 6, 1883, to John H. Frink, for an improvement in duplicate memorandum slips, it appeared that the patent had been twice sustained in the Canadian courts, that a preliminary injunction had been granted after full argument in another circuit, and that the book of the patent was the most popular sales book in this country, and had superseded all other books of a similar character. There was also strong, though not entirely satisfactory, evidence of acquiescence by the public. *Held* sufficient to warrant the granting of the preliminary injunction.

7. SAME—BOND.
>A bond should not be substituted for an injunction when defendant is not a manufacturer, but merely a user, and the value of the infringing articles used is only $22.

In Equity. Bill by Carter & Co., Limited, against August M. Wollschlaeger for infringement of a patent. On motion for preliminary injunction. Granted.

Charles H. Duell and W. Caryl Ely, for complainant.

Arthur Stem, for defendant.

COXE, District Judge. The complainant moves for a preliminary injunction restraining the infringement of the first claim of letters patent No. 288,048, granted to John H. Frink, November 6, 1883, for an improvement in duplicate memorandum slips. The patent was before the court in September, 1889, when a similar motion was made by the then owner of the patent against the present complainant. Hurlburt v. Carter, 39 Fed. Rep. 802.

The motion is now urged upon the ground that the patent has, since 1889, been sustained in Canada and in the Massachusetts circuit; that it has been generally acquiesced in by the public and that complainant's business will be destroyed by continued infringement. The motion is resisted upon the ground that the patent is void for want of patentability; that complainant is guilty of laches and that irreparable injury will be done to the business of defendant's vendors if the motion prevails.

Infringement is undisputed. The patent has been upheld in every tribunal where it has been litigated. In the chancery division of the high court of justice of Ontario, after a vigorous defense, the chancellor, having seen and heard the witnesses, pronounced judgment in favor of the complainant in a clear and forceful opinion. He found that Frink was the first to make the book in question, which was a distinct advance in the art; that it was "cleaner and quicker" than preceding books, and, even then, (April 30, 1890,) was

superseding them in the market both here and in Canada. The patent a second time passed the ordeal of the Canadian courts, before another chancellor in a subsequent suit presenting additional evidence. Again it was upheld, the chancellor remarking that the "gigantic effort" to show prior use had "entirely failed" and that "the defendant had disclosed and proved no defense whatever." These decisions, though in no manner controlling, are entitled to consideration as embodying the opinions of a strong and dignified tribunal upon many of the questions now presented.

In January, 1891, the circuit court for the district of Massachusetts upheld the first claim of the patent and issued a preliminary injunction (Carter & Co. v. Houghton, 53 Fed. Rep. 577.) This decision was deliberately rendered after the motion had been elaborately argued by experienced counsel. It must be presumed that it was reached after due consideration had been given to all the objections and defenses urged by the defendant. It is true that this is not a final adjudication, but it can hardly be doubted that had the cause proceeded to final hearing the ruling would have been the same, and, in any view, as the judgment of a United States court of co-ordinate jurisdiction, it is entitled to great weight. Purifier Co. v. Christian, 3 Ban. & A. 42; Bate Refrigerating Co. v. Gillett, 31 Fed. Rep. 809, 814; Searls v. Worden, 11 Fed. Rep. 501; Coburn v. Clark, 15 Fed. Rep. 804; Potter v. Fuller, 2 Fish. Pat. Cas. 251.

It is argued for the defendant that the cause now presents a different aspect, because alleged anticipations not known to the defendants in the other suits are for the first time brought to the attention of the court. It is not pretended that the defendant can produce an anticipating book which was actually made before, but he promises to call witnesses to show that books like Frink's book, except that the carbon sheet was not bound into the book, were known as early as 1878. The testimony tending to establish the foregoing averments is not properly before this court. It was taken in a suit against a different defendant on a different patent and in another court. But conceding the proof to be properly here it is doubtful if it can avail the defendant. It is seldom that a patent is overthrown upon the mere recollection of witnesses as to the minute details of a structure that they have not seen for 13 years. Where the testimony relates to some simple device, which can be described in one way only, the liability to mistake is minimized. But here, where the field of invention is circumscribed, and where the most minute differences are of the utmost importance, it would be unsafe to rely upon the unaided memory of even the most disinterested witnesses, at least until they have been tested by cross-examination. Doubtful testimony should not prevail against the patent. Howe v. Underwood, 1 Fish. Pat. Cas. 160; Wood v. Mill Co., 4 Fish. Pat. Cas. 550; Coffin v. Ogden, 18 Wall. 120; Chase v. Wesson, 1 Holmes, 274. Should any one question the wisdom of this rule let him attempt to describe the minute details of a book with which he was familiar 10 years ago, but which he has not seen since. After comparing the product of his memory with the actual thing, he will be prepared to admit that justice to inventors requires that their labors should not be de-

stroyed by testimony so untrustworthy. But if we go a step further, and consider as established facts all that the defendant says he expects to prove, it is by no means certain that the patent will be avoided. It is not pretended that the prior structures anticipate for the reason that none of them shows the carbon leaf bound or stitched into the book, but it is said that it did not require an exercise of the inventive faculties to attach it. This contention presents an interesting question which it is not the purpose of the court to decide on a motion of this character, further than to call attention to some of the reasons why it should not operate to suspend the injunction.

It is argued for complainant that this feature, admittedly absent from prior books, is the distinguishing feature which makes the Frink book successful beyond all others. The precise point seecms to have been passed upon by the Canadian court, the chancellor observing:

"The fourth step was to get the carbon leaf fixed so that it might act in this way without being touched. That is the point of development which has been reached in the Frink patent. In that aspect of the case, so far as I understand the facts, there is a distinct advance upon anything that has been done before."

Again, there can be no doubt upon the proof that the Frink book is the most popular sales book in this country; that it has superseded all other books of a similar character, and that the demand for it is constantly increasing. In short, all of the facts are present here which in several well-known recent cases have turned the scale in favor of invention. Washburn & Moen Manuf'g Co. v. Beat 'Em All Barbed-Wire Co., 143 U. S. 275, 12 Sup. Ct. Rep. 443; Magowan v. Packing Co., 141 U. S. 332, 12 Sup. Ct. Rep. 71. Frink's invention was certainly not a great one, but did it not require some exercise of the inventive faculties to produce a book possessing such marked advantages over what preceded it? Western Electric Co. v. La Rue, 139 U. S. 601, 11 Sup. Ct. Rep. 670; Loom Co. v. Higgins, 105 U. S. 580; Crandal v. Watters, 20 Blatchf. 97, 9 Fed. Rep. 659; Dugan v. Gregg, 48 Fed. Rep. 227. The proof of acquiescence though hardly satisfactory is much stronger than when the patent was here three years ago. The rights of the complainant seem to have been generally recognized, and it can hardly be said that the force of this acquiescence is materially impaired because infringers have settled the suits brought against them. Sargent v. Seagrave, 2 Curt. 553, 556; Caldwell v. Vanvlissengen, 9 Hare, 415; Walk. Pat. § 670.

The complainant is not guilty of laches. It is sought to predicate laches of the fact that a suit on the patent in Ohio was at issue in June of the present year, and that if the complainant had labored diligently during July and August it might have been argued at the October term. This is not enough.

The case is not one for a bond. The defendant is not a manufacturer, but a user. The entire value of the books used by him is but $22. Neither is the suggestion tenable that the injunction should be withheld because the infringement is so small that it does

not seriously imperil the complainant's business. A sufficient answer is that it will not seriously imperil the defendant's business to stop infringing, and as the complainant is in the right and the defendant is in the wrong the latter should give way. The effect of the injunction upon others, not parties to the suit, cannot be considered now.

The court fully appreciates all that has been urged as to the harsh and arbitrary character of the remedy prayed for, and yet, remembering the innumerable obstacles which beset a recovery of damages and profits, it must be conceded that an injunction is the only adequate remedy left open to the inventor. It has, however, never been issued in this court except in cases where the right was clearly established. That this is such a case there can be little doubt. The circuit court of Massachusetts did not hesitate to issue an injunction in January, 1891, and the complainant's case is far stronger now. The motion is granted.