FEATHERSTONE v. ORMONDE CYCLE CO. et al.

(Circuit Court, S. D. New York. November 16, 1892.)

1. PATENTS FOR INVENTIONS—VALIDITY.
   Reissued patent No. 11,153, granted March 24, 1891, to John B. Dunlop, for wheel tires for cycles, is valid. Featherstone v. Cycle Co., 53 Fed. Rep. 113, followed.

2. SAME—INFRINGEMENT BY AN EMPLOYE.
   A person who is employed as manager of a partnership, and who in that capacity sells an article which infringes a patent, is guilty of infringement,

and may be enjoined, but he will not be compelled to account if it fails to appear that he had any interest in the sale.

**8.** SAME—FOREIGN PATENT—LICENSE—IMPORTATION AND SALE.

An inventor obtained a patent on cycle tires in Great Britain, and subsequently in the United States, and then assigned to complainants the American patent. The owner of the British patent licensed defendants to apply the tires to a bicycle in Great Britain. This bicycle was then imported into the United States, and sold by defendants. *Held*, that defendants were guilty of infringement.

In Equity. Bill by Alfred Featherstone against the Ormonde Cycle Company, George S. McDonald, and E. J. Willis, for infringement of a patent. Decree for complainant.

Duncan & Page, for complainant.
Potter & Potter, for defendants.

TOWNSEND, District Judge. This is a suit for the alleged infringement of reissued letters patent No. 11,153, granted to John B. Dunlop, March 24, 1891, for wheel tires for cycles. The defenses are invalidity of patent and noninfringement. The question of validity has already been decided in favor of the patent in Featherstone v. Cycle Co., 53 Fed. Rep. 113.

Under the defense of noninfringement the defendants claim first, that the Ormonde Cycle Company is a partnership, and not a corporation. There is nothing in the proofs to support the allegation of the complaint that the defendant the Ormonde Cycle Company is a corporation, and the allegation is denied by the answer.

It is further claimed that the defendant McDonald is only the employe of said partnership. The evidence shows that McDonald sold a bicycle, fitted with the alleged infringing tires, as manager of said partnership, doing business under the name of the Ormonde Cycle Company, and under the direction of E. J. Willis, another of the defendants. If, therefore, the acts complained of constitute infringement, these defendants are joint tort feasors and are both liable. Estes v. Worthington, 30 Fed. Rep. 465; Maltby v. Bobo, 14 Blatchf. 53.

The defendants further deny infringement upon the following ground: The original inventor obtained patents for his invention in Great Britain, and subsequently in the United States. He assigned to complainant all his interest in the American patent. Afterwards the owner of the British patent licensed the defendants to apply to a bicycle in Great Britain the tires covered by said patent. This bicycle was then imported into the United States, and sold by defendants. The defendants claim that such importation and sale do not constitute infringement. It is well settled that the unrestricted sale of a patented article by the owner of the patent conveys to the purchaser the right of unrestricted ownership as against the vendor. Holiday v. Mattheson, 24 Fed. Rep. 185. But the purchaser does not acquire any rights greater than those possessed by the owner of the patent. The owner of the British patent could not authorize either the vendee or his vendor to sell the articles in the United States, so as to conflict with the rights of the owners of the American patent. This claim of defendants seems to be disposed of by the case of Boesch

v. Graff, 133 U. S. 702, 10 Sup. Ct. Rep. 378, where the supreme court says: "A prior foreign patent operates under our law to limit the duration of a subsequent patent here, but that is all. The sale of articles in the United States under a United States patent cannot be controlled by foreign laws." The motion for an injunction against the defendants McDonald and E. J. Willis is granted. Inasmuch as it does not appear that they had any interest in the sale of the infringing machine, they are not liable to account.