### PALMER et al. v. MILLS et al.

(Circuit Court, D. Connecticut. June 29, 1893.)

No. 728.

PATENTS FOR INVENTIONS — VALIDITY — PRELIMINARY INJUNCTION — QUILTING FABRICS.

Letters patent No. 308,981 and No. 308,982, issued December 9, 1884, to Frank L. Palmer, are for improvements for stitching comfortables by machinery. Owing to the commercial advantages given by these patents, complainants, who owned them, were enabled to practically command the entire business of this country in this kind of quilts. The validity of the patents had never been denied, except by one other party who, after suit brought for infringement, compromised the same, and has ever since paid a royalty. *Held*, that on an application for preliminary injunction, where infringement was plain, the patents would be presumed to be valid, and the injunction granted, unless defendants gave a sufficient bond to secure any damages decreed against them.

In Equity. Bill by Frank L. Palmer and others against Crefeld Mills and others for infringement of patents. On motion for preliminary injunction. Order allowing injunction unless bond be given.

E. H. Brown, for complainants.

J. E. Maynadier, for defendants.

TOWNSEND, District Judge. This is a motion for a preliminary injunction restraining the infringement of claims 14 and 24 of letters patent No. 308,981, and of claims 2, 3, 4, 12, and 15, of letters patent No. 308,982, granted to Frank L. Palmer, December 9, 1884, for sewing or quilting fabrics. The following facts appeared upon the hearing: The complainants' patents provide for a novel and useful mode of stitching comfortables by machinery. The commercial advantages of these improvements have enabled complainants to practically command the entire business of this country in this class of quilts. No one has heretofore disputed the validity of said patents, except the R. T. Palmer Company. Complainants brought suit against said company, and said suit was settled by the grant of a shop right in consideration of the payment of a royalty. Said agreement is still in force, and said royalty has been annually paid. A comparison of the machines of defendants with those of complainants shows them to be substantially the same. If the sewing machine of complainants' model, while in operation upon its quilt, be grasped and held fast, and the pattern be allowed to move, the model becomes the working model of defendants' machine, performing the same functions in the same way, with the same result.

The only vital question in the case is as to the validity of complainants' patents, in view of the prior state of the art. But, in view of the considerations already suggested, it seems that said patents should be assumed to be valid upon this hearing. As was said by Judge Lacombe in Sessions v. Gould, 49 Fed. Rep. 856:

"The contention that, in view of the prior state of the art, they do not disclose any patentable invention, is not sufficiently clear and convincing to overthrow the case made out by the patents themselves, and the public acquiescence in their validity. The defense of prior public use * * * should not be disposed of on ex parte affidavits, but reserved for final hearing."

There is nothing in the case to show that complainants will not be sufficiently protected by a suitable bond. They have already granted to their only other competitor a license to make and use machines embodying the improvements claimed in said patents. One of the defendants, whose financial responsibility is unquestioned, has offered to give such bond as may be required for all damages, profits, and costs which may be decreed against either the individual defendants, or the defendant corporation. There can be no irreparable damage, in such a case, where the value of the royalty can be ascertained, provided the responsibility of defendants is guarantied.

Let an order be entered, granting a preliminary injunction, unless the defendants shall, within 10 days, file a satisfactory bond for $10,000, conditioned for the payment of any final money decree which may be rendered in favor of complainants.