### AMERICAN BELL TEL. CO. v. WESTERN TEL. CONST. CO. et al.

(Circuit Court, N. D. Illinois. October 18, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION.

One who invests his money in an infringing business, knowing that the patent has been sustained by the United States supreme court, will not be permitted to give bonds for damages, instead of submitting to an injunction, merely because the patent will expire in a few months.

In Equity. Suit by the American Bell Telephone Company against the Western Telephone Construction Company and others for infringement of letters patent No. 186,787, issued January 30, 1877, to Alexander Graham Bell, for improvements in electric telegraphy. Injunction granted.

Bond, Adams, Pickard & Jackson and J. J. Storrow, for complainant.

Joseph G. Parkinson, Robert H. Parkinson, and Adolph Moses, for defendants.

JENKINS, Circuit Judge. The validity and infringement of the complainant's patent are not disputed. The life of that patent expires on January 30, 1894. It is claimed that the defendants ought not now to be enjoined, but should be permitted to pursue their infringement upon giving bond to pay royalties to the complainant. The defendants, at the commencement of their enterprise, knew that this patent had been sustained by the supreme court of the United States. They were well informed of the complainant's rights under that patent. With that knowledge, they have pursued their infringement, with a view to entering into competition with the complainant in the use of this patented improvement. It is true that they have a right to enter into competition with the complainant and to use the invention of Mr. Bell covered by patents which have expired. To that extent, they are justified. But they have no right, in the prosecution of such competition, to use the inventions covered by his patent No. 186,787 until the expiration of that patent. They must await that time before they may use the invention thereby covered. If it be true that the defendants have invested large amounts of money in the prosecution of their enterprise, which will be prejudiced or injured by an injunc-

tion here, it need only be said that they went into the enterprise with their eyes open, and with deliberate design to infringe another's rights. In such case, they have no right to favorable consideration by a court of equity.

An injunction will issue, as prayed for.