BENJAMIN MENU CARD CO. v. RAND, McNALLY & CO. et al.

(Circuit Court, N. D. Illinois.   June 7, 1894.)

No. 22,741.

**1.** Patents (§ 26*)—Patentability.

A piece of cardboard with printed matter thereon employed as a means in a system of doing business may be patentable; it being no objection that the elements employed are not themselves patentable.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig. § 26.*]

**2.** Patents (§ 328*)—Validity and Infringement—Menu Card.

The Gellenbeck patent, No. 482,899, for a combination of a menu card and meal checks so arranged that when any check is detached a portion of the remainder is rendered incomplete as a bill of fare, whether or not the device is correctly designated as a combination is sufficiently definite in its description, and, in view of the utility and extended use of the article, must be conceded novelty and invention; also, *held* infringed.

**3.** Patents (§ 26*)—Patentability—"Combination."

As applied to patent law, when the elements are so united that by their reciprocal influence upon each other, or their joint action on their common object, they perform additional functions and accomplish additional results, the union is a true "combination."

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig. § 26.*

For other definitions, see Words and Phrases, vol. 2, p. 1275.

Patentability of combinations of old elements as dependent on results attained, see note to National Tube Co. v. Aiken, 91 C. C. A. 123.]

In Equity. Suit by the Benjamin Menu Card Company against Rand, McNally & Co. and others.   On final hearing.   Decree for complainant.

Francis W. Parker, of Chicago, Ill., for complainant.
Gridley & Hopkins, for defendants.

SEAMAN, District Judge.   The complainant has title to the alleged invention of improved meal checks, or a combination of menu card with meal checks, under letters patent No. 482,899, issued to Frank C. Gellenbeck, September 20, 1892, and sues in equity for infringement by defendants, for injunction and accounting.   The infringement is undisputed, and all defense rests upon defeat of the patent for invalidity.

The claims of the patent are stated as follows:

"1. The combination, with a menu card, of two or more checks detachably secured thereto, two of said checks being designated respectively as 'guest's check' and as 'cook's check,' so as to make the remainder incomplete as a bill of fare, and hence useless for another guest.

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"2. The combination of a menu card having a bill of fare on its face, with a check or checks upon the reverse side thereof, and placed so that when removed the bill of fare will be mutilated, so as to make the remainder incomplete as a bill of fare, and hence useless for another guest."

Utility in the alleged invention is well shown by the testimony, especially in its adaptability to railroad dining car service, to and of which the showing is directed. It appears that prior to this device the checks in use for that service were printed in blocks or books, each sheet or page having three checks, bearing like number and made detachable by perforated lines between each, one designated "cook's check," one "guest's check," and one "waiter's check," or the like. These were so employed that when the passenger made his order from the separate bill of fare one check was delivered by the waiter to the cook as a voucher, and the others became vouchers in the hands of the waiter and conductor or steward, as might be arranged, so that three corresponding checks must be returned to the company for each meal served. The object was to prevent fraud; but when these servants were in collusion the plan did not insure detection, and was found ineffective.

The patentee was a practical dining car servant, acquainted with the need for better check upon fraud, and conceived the device of combining with the checks the bill of fare or menu card, utilizing the three courses of the meal so that each could enter into a triplicate check—thus bringing the passenger or person taking the meal into the combination for avoidance of fraud. With the order for his first course taken by the waiter the cook's voucher would be served, and (as the patent describes it) "the bill of fare will be mutilated so as to make the remainder incomplete as a bill of fare, and hence useless for another guest." This plan now appears of great simplicity. The record shows that it has been extensively adopted, since the issue of the patent, and is a decided improvement.

The validity of the patent is challenged upon several grounds, all of which have been considered, and are well worthy of more attention than the other demands upon my time will permit in this opinion.

[1] 1. The defense urges:

"That it is not a patentable invention within the intent of the patent law, it being only for a piece of cardboard paper, with printed matter or composition on both sides thereof, and divided on one side by perforated lines and employed in a system of doing business."

If there is invention in it, I find no ground for objection that the elements or ingredients here employed are not themselves of patentable nature. The fact that the structure may be of cardboard with printed matter upon it does not exclude the device from patentability according to the practice of the Patent Office, as shown by the numerous patents introduced for the defense of anticipation; and the patentability of devices of like quality has been repeatedly recognized in decisions. Waring v. Johnson (C. C.) 6 Fed. 500; United States System v. American Co. (C. C.) 51 Fed. 751; Thomson v. Citizens' National Bank, 53 Fed. 250, 3 C. C. A. 518; Carter v. Wollschlaeger (C. C.) 53 Fed. 573.

The case of Thomson v. Citizens' National Bank, supra, decided by the Circuit Court of Appeals for the Eighth Circuit, seems to answer this point.

[2] 2. It is asserted that the patent is void because "each of its claims is for the combination of a whole with one or more divisible parts thereof." This objection is that the invention is claimed as a "combination."

[3] In Robinson on Patents, § 155, this definition is given:

"When the elements are so united that by their reciprocal influence upon each other, or their joint action on their common object, they perform additional functions and accomplish additional results, the union is a true combination."

Whether this term was aptly given to this union of bill of fare and meal checks, or whether the invention should have been denominated, "an article," as suggested by the learned experts for the defense, is not essential in view of what is actually shown. There is no ambiguity in the description of the device or its performance, and there is no room for mistake of the actual claim. The defense urges the rule that a patentee cannot have the claim in his patent enlarged by construction beyond the scope of the claims as allowed. There is here no call to expand the claim, but to give it the benefit of that which is clearly shown. It is entitled to the rule that:

"In construing a patent the court will remember that the specification and claims are often unskillfully drawn and that the claim shall be construed, if possible, to sustain the patentee's right to all that he has invented." Per Putnam, J., in Reece Buttonhole Machine Co. v. Globe, etc., Co. (1st C. C. A.) April 20, 1894, 61 Fed. 958, 10 C. C. A. 194.

The infringing device appears precisely patterned after the description given in this patent; its intent was as clear to the infringer as it seems to the court. This technical objection should not prevail against the well-shown intent.

3. It is further contended that the patent in suit is void for want of novelty, or as showing simply a double use. This point is based upon the showing of the prior state of art, and the following prior patents: (1) No. 153,507, to C. H. Waite, for a coupon railway ticket, on the reverse side of which are maps showing the route covered by the ticket, serving as guide maps and to prevent counterfeiting; (2) No. 158,072, to C. W. Harvey, for railway station ticket, perforated and printed upon both sides, to prevent resales; (3) No. 163,732, to L. Brush, for another form of railway ticket to prevent fraud; (4) No. 359,620, to F. McMichael, for a theater ticket in combination with a printed program, for convenience of the taker; (5) No. 191,435, to E. G. Johnson for another form of railroad ticket with perforated lines to enable separation in two corresponding parts; (6) No. 399,842, to J. Culton, for a conductor's railway ticket, with list of stations on reverse side, to be separated into two parts, one for passenger and one for conductor.

The first application for complainant's patent was rejected by the examiner in the Patent Office "on the ordinary coupon railroad or

theater tickct" and citation of some of the above-mentioned patents. The examiner said:

"The railroad tickets in common use all have checks or vouchers attached thereto, and many of them have a series of vouchers or checks, one for each officer of the road to whom such voucher or check should be properly sent. To apply this same scheme or idea to a bill of.fare is merely a double use, and does not involve invention; that is to say, a construction of a ticket with a voucher or check attached thereto being old, it is, of course, immaterial whether the matter printed upon the ticket be such as to adapt it to one use or another, and it is also equally immaterial whether the printed matter be on either or both sides of the ticket or check. It is, of course, obvious that the removal of a coupon or check from any ticket mutilates the ticket to a certain extent. It is believed therefore that applicant's claim is fully answered by the state of the art above referred to."

It appears, however, that upon reconsideration the Patent Office rejected this view, for the patent was subsequently allowed after some formal amendments.

The opposing views which controlled the original rejection and the subsequent allowance of the claims in this patent present the serious question for consideration here. It is difficult to mark the distinctions, and the patentable novelty is not entirely free from doubt. Cardboard or paper have long been used for coupon tickets of various kinds, for various uses, perforated upon the desired lines for separation, with printed matter arranged upon opposite sides as required. Printed bills of fare and printed meal checks are old. Nothing new can be claimed in either of these simple elements, but there may be invention in the thought to bring together the bill of fare, with its three courses, and the three required meal checks, so that they shall co-operate for a common object and enlist the passenger (involuntarily) in the work of detection or avoidance of fraud. This device seems simple enough now, but the record shows that, although some such simple means was long sought and with all the light of these various devices of coupon tickets, it had not occurred to any of the seekers to utilize the bill of fare until the thought came to this patentee. It does not appear to have had suggestion from the patents in evidence any more than from the older forms of coupon tickets, out of which would only come the well-known plan of perforated lines for division and printed matter arranged upon the reverse sides.

The use here employed does not seem so clearly analogous to that of the prior devices, nor is the want of invention so apparent that the prima facie force of the patent should be destroyed, especially in view of the utility and extended use shown in this record. Magowan v. N. Y. Belting Co., 141 U. S. 332, 12 Sup. Ct. 71, 35 L. Ed. 781; Barbed Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450, 36 L. Ed. 154; Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825, 36 L. Ed. 658; Krementz v. S. Cottle Co., 148 U. S. 556, 13 Sup. Ct. 719, 37 L. Ed. 558; Duer v. Corbin Cabinet Lock Co., 149 U. S. 216, 13 Sup. Ct. 850, 37 L. Ed. 707.

I think this is a case in which doubt should be resolved in favor of the patentee, and decree will be entered for the complainant accordingly.