In re CHICAGO SUGAR–REFINING CO.

(Circuit Court of Appeals, Seventh Circuit. June 3, 1898.)

No. 521, Original.

APPEALS IN PATENT CASES—REVERSAL—PRELIMINARY INJUNCTION.

When an appellate court declares a patent valid and infringed, reverses the decree below, and remands the cause for further proceedings not inconsistent with its opinion, it does not follow as a matter of course that an injunction pendente shall issue; but, in the absence of any directions in regard thereto in the opinion or mandate, the matter rests in the discretion of the trial judge.

C. K. Offield, for petitioner.

Before WOODS and SHOWALTER, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge. This is a petition for a writ of mandamus to compel the modification of a decree entered on the 10th of May, 1898, in the case of the Chicago Sugar-Refining Co. v. Charles Pope Glucose Co., pending in the circuit court of the United States for the Northern district of Illinois, on the ground that as entered the decree is inconsistent with the mandate of this court sent down upon reversing the decree of the circuit court on the appeal reported in Chicago Sugar-Refining Co. v. Charles Pope Glucose Co., 28 C. C. A. 594, 84 Fed. 977. The questions involved in the appeal were of the validity and infringement of letters patent for inventions. The circuit court, having found the patents invalid, dismissed the bill. This court, having reached the conclusion that one of the patents was valid and had been infringed, ordered that the decree below be "reversed, and the cause remanded for further proceedings not inconsistent with this opinion." The petition now presented, without setting out the terms of the mandate or alleging the substance thereof, shows that the opinion of this court was filed on the 5th day of February, 1898; that the mandate was issued on the ensuing May 5th, and filed on the same day in the circuit court, and that at the same time the complainant's counsel presented to the court a form of decree, a copy of which is set out, conforming, it is alleged, to the opinion and mandate of this court, ordering, among other things, that the defendants, their agents, officers, and servants, "do absolutely desist and refrain from directly or indirectly employing the processes or practicing the inventions of said letters patent," and that a writ of injunction issue accordingly, and referring the case to a master to take an accounting of gains and profits; that to the decree so presented the court, the Honorable Peter S. Grosscup, who had rendered the original decree, presiding, added the following clause: "The injunctional part of this decree is stayed for thirty days upon the defendant's giving bond by May 12, 1898, in the sum of twenty thousand dollars, to be approved by the clerk of this court, to respond for all damages and profits suffered by reason of such infringement;" and that the bond required was given and the injunction stayed. The petitioner further alleges the belief that it was

"without the power, volition, or jurisdiction of the circuit judge, under the opinion and mandate as filed in this case, to change, add to, or amend the decree," as was done; that the amendment should be stricken out; "that all the foregoing matters, conditions, and things set forth in the petition are fully shown, identified, and described in a certified copy of the case and proceedings filed herein," to which reference is made. The prayer is for "a writ of mandamus commanding the judges, and each of them, of the circuit court of the United States for the Northern district of Illinois, to set aside and strike from the decree the amendment and addition thereto as herein complained of, entered upon the 10th day of May, 1898." No copy of the record of the case in the circuit court in fact accompanies the petition, and the alleged reference is supposed to be to a transcript of that record filed with the clerk of this court before this petition was filed, showing an appeal of the petitioner from the decree of May 10th, which it is now sought to correct by the writ of mandamus. That appeal is still pending, and the objection is made by counsel for the appellees that, pending that appeal, which, it is urged, has removed the record of the case from the circuit court to this court, a petition for the writ of mandamus cannot be entertained, and that, if the petitioner is entitled to relief, it must be obtained by means of the appeal.

Disregarding this and other technical objections to the petition, we are of opinion that the rule to show cause should not issue. There is nothing in the opinion or mandate of this court which in terms required the court below to grant an injunction, and we cannot agree with the proposition of counsel that once this court had declared the validity and infringement of the letters patent, and remanded the case for further proceedings not inconsistent with its opinion, the right to an injunction followed as a matter of course, and that the circuit court was without discretion in the premises. No ruling to that effect has been cited, and, instead of there being no authority to the contrary, as asserted by counsel for the petitioner, there are many cases at circuit in which such discretion has been exercised. See the following collected upon a few minutes' search: Brake Co. v. Carpenter, 32 Fed. 545; Mill Co. v. Coombs, 39 Fed. 803; Whitcomb v. Coal Co., 47 Fed. 315; Campbell Printing-Press & Mfg. Co. v. Manhattan Ry. Co., Id. 663, 49 Fed. 930; Carter & Co. v. Wollschlaeger, 53 Fed. 573; Brush Electric Co. v. Accumulator Co., Id. 804; Ney Mfg. Co. v. Superior Drill Co., 56 Fed. 152; Palmer v. Mills, 57 Fed. 221; Norton v. Can Co., Id. 929; American Bell Tel. Co. v. Western Tel. Const. Co., 58 Fed. 410.

The general rule recognized in the text-books is that it is a matter of discretion whether an injunction pendente lite shall issue. "So far as preliminary injunctions are concerned," said Judge Brown, in Mill Co. v. Coombs, supra, "it is entirely well settled that, while the patent may be adjudged valid and the defendant an infringer, the award of an injunction is purely a matter of discretion, and courts are constantly in the habit of withholding it upon such terms, as the giving of a bond and the like, as may seem just and equitable, having regard to the comparative injury that will result to the par-

ties by granting or withholding it." The question in that case was "whether, after an adjudication adverse to the defendant upon the merits of a patent case, [the court] ought to stay the issue of an injunction until the final decree"; and on a full discussion of the question, upon principle and upon authority, the injunction was granted, but with a stay of 20 days to enable the defendant to make necessary changes in the machinery of his mill to avoid infringement. In Campbell Printing-Press & Mfg. Co. v. Manhattan Ry. Co., supra, a decree "for account and injunction" was ordered, but with the qualification that the terms of the injunction be so settled as to provide from how many cars and locomotives the infringing couplings should be removed each week. Whether in this case, or in any case, there has been an abuse of discretion, is not a question which can be determined upon an application for a writ of mandamus.

The rule to show cause is denied, and the petition dismissed, at the costs of the petitioner.