### PALMER et al. v. LANDPHERE.

(Circuit Court, D. Connecticut. January 29, 1900.)

**PATENTS—INFRINGEMENT—SALE OF INFRINGING ARTICLE.**

    One who bought and resold at a profit the separate parts of an infringing machine, and was thereafter employed by the purchasers by the day to set up the complete machines, is within the rule that one who makes a profit for himself out of the infringing goods incurs liability as an infringer.

This is a suit in equity for infringement of patents. Hearing on plea.

Dickerson & Brown, for complainants.

J. E. Maynadier, for defendant.

TOWNSEND, District Judge. Hearing on plea. Complainants own certain patents for machines for quilting fabrics, the validity of which has been sustained in suits of these complainants against Crefield Mills (C. C.) 57 Fed. 221, and against the Brown Manufacturing Co., 35 C. C. A. 86, 92 Fed. 925. The defendant herein was originally employed by complainants as a skilled workman in making quilting machines, and, having severed his relations with them, entered successively the employment of said two infringing concerns. The plea is as follows:

"I, C. Tyler Landphere, the defendant, by protestation, not confessing or acknowledging all or any part of the matters or things in said bill of complaint contained to be true in such manner and form as the same are therein set forth and alleged, do plead thereto, and for plea say that I have never made, used, or sold machines embodying any material part of the invention described and claimed in any of the several letters patent counted upon in complainants' bill of complaint, nor have I had any concern whatever in making, using, or selling any machines embodying any material part of the invention described and claimed in any of the several letters patent counted upon in complainants' bill of complaint, further than this: That I have been employed at daily wages in the construction of sundry machines for sewing or quilting fabrics, but I am not now so employed, nor have I been for many months; and whether the said machines in the construction of which I labored as an ordinary workman, as aforesaid, embodied any material part or parts of the alleged invention secured to the complainants by letters patent of the United States I was not and am not aware. Furthermore, I am not, and have never been, interested, directly or indirectly, in any machine for sewing or quilting fabrics, nor in the profits derived from the use or sale of such a machine; and I do not, and never did, own any such machine in whole or in part."

From the testimony in support of the plea it appears that, after having left the employment of said infringing firms, he bought various parts of infringing machines "as a matter of speculation," which were stored at his mill; that he employed persons to replace certain parts which had been destroyed; that he sold these parts for a good profit to the California Cotton Company, to which he furnished every part of the infringing machines except the sewing machine. He further testified that he sold all the parts of a scroll quilting machine to the Cold Blast Feather Company; that he was thereafter employed by said companies at $10 to $15 a day, and that part of his duties consisted in setting up the completed infringing machines of which he had sold the parts. Upon these facts counsel for defendant claims that he was merely a skilled workman, who had a right thus to sell his services; that in no event could he be held except for contributory infringement; and that, under the decision in Nickel Co. v. Worthington (C. C.) 13 Fed. 393, he is not liable. Said decision has been distinguished, doubted, or directly disapproved in Cahoone Barnet Mfg. Co. v. Rubber & Celluloid Harness Co. (C. C.) 45 Fed. 582; Cramer v. Fry (C. C.) 68 Fed. 201; Graham v. Earl, 34 C. C. A. 267, 92 Fed. 155; Cash-Register Co. v. Leland, 37 C. C. A. 372, 94 Fed. 502, and by Mr. Walker in section 410 of his work on Patents. The question of liability of a mere skilled workman is not involved herein. The facts proved bring this defendant within the settled rule that any person who has made a separate profit to himself out of the sale of infringing goods, and even a servant who has derived a distinct and independent benefit from invasions of the patent, incurs a distinct separate liability. Rob. Pat. § 920; Estes v. Worthington (C. C.) 30 Fed. 465; Graham v. Earl, 27 C. C. A. 377, 82 Fed. 737, 742; Cramer v. Fry (C. C.) 68 Fed. 201, 207; Featherstone v. Cycle Co. (C. C.) 53 Fed. 110; Fishel v. Lueckel (C. C.) 53 Fed. 499; Armstrong v. Soap Works (C. C.) 53 Fed. 125; Steiger v. Heidelberger (C. C.) 4 Fed. 455, 18 Blatchf. 426; Maltby v. Bobo, 14 Blatchf. 53, Fed. Cas. No. 8,998. The plea is overruled.