**NEW WRINKLE, Inc., v. FRITZ et al.**
**Civ. No. 188.**

District Court, W. D. New York.

Sept. 6, 1939.

John S. Powers, of Buffalo, N. Y., and Toulmin & Toulmin, of Dayton, Ohio, for plaintiff.

Albert R. Henry, of Buffalo, N. Y. (Dike, Calver & Gray, of Detroit, Mich., of counsel), for defendants.

KNIGHT, District Judge.

This is a suit for patent infringement and unfair competition practices. The plaintiff is a Delaware corporation. The defendant Pontiac Varnish Company is a Michigan corporation, and the defendant John Fritz is a resident of the Western District of New York.

This motion is made to set aside and quash the summons for lack of jurisdiction. As to the corporate defendant, the alleged lack of jurisdiction is that the corporate defendant is not a resident of the State of New York and does not have any regular and established place of business within that State. As to the individual defendant, this motion is made on the ground that he has not committed any act of infringement in this district.

The question of jurisdiction over the corporate defendant will be first considered. Jurisdiction must be laid under Section 48 of the Judicial Code, 28 U.S.C.A. § 109. That section provides that the court shall have jurisdiction "in the district of which the defendant is an inhabitant, or in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business." Two things must concur to give jurisdiction, to wit, the defendant must have committed some act of infringement in the district and at the same time must have had a regular and established place of business therein.

Defendant corporation's plant is located at Pontiac, Michigan. It has no office for the transaction of business in this district. It has no warehouse within this district. It solicits business in the district through a sales agent, but all orders are taken subject to acceptance in Michigan and all remittances are made there. All merchan-

dise is shipped from the corporation's plant, delivered to customers in this district by railroad or truck, some times with freight prepaid, and all collections for merchandise are made directly through the Pontiac office. The defendant corporation employs defendant Fritz as a sales agent on a salary and commission basis. Fritz maintains no office either on his own or the corporation's account. He solicits orders for sales and transmits such orders to Pontiac. He makes no collections on sales and has no authority so to do. He carries samples which he displays to prospective purchasers and at times has been present when demonstrations of the use of defendant corporation's product were made.

The foregoing facts do not show that the defendant corporation has "a regular and established place of business" in this district. Green v. Chicago, Burlington & Quincy R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808; People's Tobacco Co. Ltd. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann. Cas.1918C, 537; Elevator Supplies Co., Inc., v. Wagner Mfg. Co., D.C., 54 F.2d 937; Davega, Inc., v. Lincoln Furniture Mfg. Co., Inc., 2 Cir., 29 F.2d 164.

Plaintiff contends that the sale of the defendant corporation's product is not completed until delivery and that delivery in the district constitutes doing business in the district; that the acts of the defendant Fritz in demonstrating or assisting in demonstrating the use of such product constitutes doing business by the defendant corporation in this district, and that because the defendant corporation does business in the district it has a "regular and established place of business" here. There is no merit in either of these claims. The charge here is infringement. There can be infringement only by the making, selling or using of the infringing product. Sale means the making of the agreement binding the parties. That agreement was made in Pontiac. The sale was consummated there. The place of consummation is controlling. Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co., C.C., 116 F. 641. Merely doing business in the district is insufficient. Displaying samples and demonstrating their use are mere incidents in the solicitation of the sale, and in no way affect the place of sale. The statute requires more than that. Cut-ler-Hammer Mfg. Co. v. Curtis & Carhart, 2 Cir., 296 F. 117.

Plaintiff places reliance mainly on the decision in International Harvester Co. v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479. That case is easily distinguishable and is distinguished in the Green case, supra. There the agent not only solicited orders, but made collections on sales. National Gas Co. v. Slattery, 302 U.S. 300, 58 S.Ct. 199, 82 L.Ed. 276; General Railway Signal Co. v. Commonwealth of Virginia, 246 U.S. 500, 38 S.Ct. 360, 62 L.Ed. 854, and Western Live Stock v. Bureau of Revenue et al., 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823, 115 A.L.R. 944, cited by plaintiff, are not in point, and Cone v. New Britain Machine Co., 6 Cir., 20 F.2d 593, also cited by plaintiff, held that the mere solicitation of business within a district was not sufficient to confer jurisdiction.

The more doubtful question here arises as to the jurisdiction over the defendant Fritz. He worked for a profit to himself. He solicited sales of a product which is part of the combination of the patent. He knew that the product was to be used in making the combination claimed to be covered by the patent.

Patent No. 1732661 is in suit. Each claim therein describes "An article of manufacture" carrying a wrinkled finish. The method of manufacturing the "article" is substantially this. Varnish, lacquer or similar material of a certain chemical composition of resins, oil and other ingredients is applied by spraying to a metal surface. The combination is then baked at the high temperature of 400 to 600 Fahrenheit and afterwards dried. This process brings out a wrinkled surface. The novelty is in the wrinkled surface on the metal background. It is not claimed that the patent covers the materials which go into the combination separate from the combination. It is not denied that the composition is made up of old and well-known materials, and that the corporate defendant had the right to use its product for purposes other than the combination.

The rule of law is well established that an agent, who for profit to himself, sells an infringing article, is chargeable with contributory infringement. "An agent or salesman, who for profit to himself sells or leases specimens of a patented thing, is liable as an infringer in so doing, and any employed person who has derived

a distinct and independent benefit from infringing a patent under the direction of his employer is himself liable to an action based on infringement." Walker on Patents, Vol. I, Sec. 453, p. 549, 6th Ed. The facts in Steiger v. Heidelberger, C.C., 4 F. 455, are closely comparable with those in the instant case. They involved the solicitation of sales of alleged infringing goods by an agent employed on a commission basis. The court held that an action would lie to restrain such sales. Straight Side Basket Corp. v. Kull, D.C., 24 F.Supp. 771; Estes v. Worthington et al., C.C., 30 F. 465; Palmer et al. v. Landphere, C.C., 99 F. 568, and cases there cited; Patton v. Clegg et al., D.C., 274 F. 118. It makes no difference in effect whether the agent sells or merely solicits orders for the sale. One who induces a sale is equally liable with him who sells.

When does the sale or solicitation of the sale of an unpatented necessary part of a patent combination, which has long been widely and commonly used for other purposes, constitute contributory infringement? What is the effect of such sale coupled with knowledge of the purpose of the sale? What is the effect of such sale coupled with aid in demonstrating the use of the product in the combination?

The question of infringement through the sale of an unpatented part of a patented machine, process or composition has many times received the consideration of the courts. Many variations of facts have resulted in different rules of determination. These are illustrated in these cases: Morgan Envelope Co. v. Albany Paper Co., 152 U.S. 425, 14 S.Ct. 627, 38 L.Ed. 500; Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U.S. 325, 29 S.Ct. 503, 53 L.Ed. 816; Motion Picture Patents Co. v. Universal Film Mfg. Co., 243 U.S. 502, 37 S.Ct. 416, 61 L.Ed. 871, L.R.A.1917E, 1187, Ann.Cas.1918A, 959; Carbice Corporation of America v. American Patents Development Corp. et al., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819; Leitch Mfg. Co. v. Barber Co., 302 U.S. 458, 58 S.Ct. 288, 82 L.Ed. 371; Bassick Mfg. Co. v. Adams Grease Gun Corp., 2 Cir., 52 F.2d 36; Bassick Mfg. Co. v. Larkin Automotive Parts Co. et al., D.C., 19 F.2d 939; Lyman Mfg. Co. v. Bassick Mfg. Co., 6 Cir., 18 F.2d 29; Westinghouse Electric & Mfg. Co. et al. v. Precise Mfg. Corp., 2 Cir., 11 F.2d 209; Solva Waterproof Glue Co. et al. v. Perkins Glue Co., 7 Cir., 251 F. 64; Heaton-Peninsular Button Fastener Co. v. Eureka Specialty Co., 6 Cir., 77 F. 288, 35 L.R.A. 728.

Principal reliance is placed by the plaintiff on the Leeds case, while the defendants base their position on the Carbice and Barber cases. In each opinion in the last-mentioned cases distinction from the Leeds case is specifically drawn. In the Leeds case we find this language: "The combination itself, regardless of whether any or all of the elements be old or new, is the invention and, in law, is as much a unit as a single or non-composite instrument and one using or contributing to its use without permission infringes." There the sale of sound records with the purpose to use them in combination with the elements of the patent for a sound recording machine was held infringement. The Carbice case involved the sale of dry ice to be used in a patented container. The facts are not comparable with those here, but the language of the opinion has much significance. In the Barber case [302 U.S. 458, 58 S.Ct. 290, 82 L.Ed. 371] we find the statement with regard to the Carbice case: "By the rule there declared every use of a patent as a means of obtaining a limited monopoly of unpatented material is prohibited." In this Circuit, in Bassick Mfg. Co. v. Adams Grease Gun Corp., supra, the court said that it did not consider that the opinion in the Carbice case was intended to modify the doctrine of contributory infringement. This was said prior to the decision in the Barber case. A comprehensive discussion of the question of the limitation of the doctrine of contributory infringement of the Carbice decision is found in 31 Columbia Law Review, p. 735.

 There seems to be some uncertainty as to the applicable rule in this case upon the facts as they now appear. Under the allegations of the complaint herein heretofore mentioned, facts material to the question of infringement not now before the court may be shown. Specially is this true as regards the acts of the defendant in demonstrating the use of the product he sold. Again the complaint charges unfair competition and sets up charges which may constitute liability in such respect. The questions both of infringement and unfair competition should be left for the trial. The court has no discretion in the matter. If it did, in view of the pendency of cases in another district in which the

question at issue here can be decided, it would be inclined to grant the motion to dismiss.

The motion to dismiss as against the defendant corporation for lack of jurisdiction is granted.

The motion to dismiss as against the individual defendant Fritz is denied.