FLOOD èt al. v. COE, Commissioner
of Patents.

No. 66245.

District Court of the United States for the District of Columbia.

Feb. 9, 1940.

William Gates, Jr., of Boston, Mass., and Cushman, Darby & Cushman, of Washington, D. C. (Roberts, Cushman & Woodberry, of Boston, Mass., of counsel), for plaintiffs.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

LUHRING, Justice.

This is a suit under Section 4915 of the Revised Statutes, U.S.C. Tit. 35, § 63, 35 U.S.C.A. § 63, to direct the Commissioner of Patents to issue to Dennison Manufacturing Company a patent on the application of Carl A. Flood, Serial No. 43,205, filed October 2, 1935, containing the three claims 11, 16 and 17 set forth in the bill of complaint. These claims were held to be unpatentable over the prior art.

The subject matter of the Flood application is a price ticket particularly intended for tagging garments in retail stores. The ticket is like prior tickets in that it is formed in two parts with a line of perforations between the two parts and in that each part carries a series of identification indicia and also a price mark, the marking on the two parts being the same. When a garment is sold one part of the ticket is torn off and retained by

the store while the other part is left attached to the garment taken by the customer.

The applicant's ticket, however, differs from the prior art in that the line of perforations extends lengthwise of the ticket instead of crosswise; in that the series of identification indicia is arranged in a row extending lengthwise of the line of perforation instead of being tabulated in a column extending perpendicularly to the line of perforations; in that the price marks of the two sections are printed in alignment crosswise of the line of perforations at one end of the ticket instead of merely being included in the columns of other indicia; and in that fastening means (such as a pin or an opening for a string loop) is provided in one section of the ticket in a space bordered by the perpendicular rows of indicia.

By virtue of the novel shape of the ticket and the unique relationship between the indicia and the physical characteristics of the ticket, when the ticket is divided along one straight line (the line of perforations) it is separated into two sections carrying duplicate indicia, and when divided along another straight line extending perpendicular to the line or perforations both price marks may be severed and new price marks may be printed in the space left for that purpose, without removing the ticket from the garment and without interfering with the other indicia on the two sections. It is only by the novel shape of the ticket, the disposition of the weakened line lengthwise of the sections, and the unique relationship of the indicia to the structural features that the ticket can be re-marked by severing the ticket along another line transversely of the first.

None of the references cited by the Patent Office contains any suggestion of applicant's unique relationship between the physical structure and the printed matter nor any tags which can be re-marked in the manner above described.

The Laracy patent, No. 1,401,338, merely discloses an ordinary baggage check in which the two sections are not long narrow sections extending lengthwise of the weakened line, which has no spaces for price marks and which could not be re-marked in the manner characteristic of applicant's tag.

The Flood patent, No. 1,921,814, discloses an approximately square ticket without any line of perforations and without any marking whatsoever.

The patent to Behrman, No. 1,492,552, is the only reference disclosing the use of price marks and in this patent the price marks are arranged in the same way they have been arranged from the beginning of the use of tags bearing two sets of indicia, namely, without the long dimension of the tag perpendicular to the line of perforations and with the indicia tabulated in columns one above the other, the price marks being included in the columns in the same manner as the other indicia. With this construction it is obviously impossible to re-mark the tags in the manner disclosed by the applicant in this case. To re-mark garments with the prior-art tags typified by the Behrman tag, it is necessary either to replace the tag with a new tag, which is expensive and time-consuming, or to cross out the old prices and write in new prices by hand, which is equally time-consuming and which is not feasible in cases where prices must be marked up instead of down.

The invention here is more than an arrangement of printed matter on a piece of paper. There is definite and decided relationship between the physical structure and the printed matter. The one depends upon the other. In other words, there is cooperative relationship between the printed indicia and the structural features of the ticket, without which it would be impossible to quickly reprice both sections of each tag without removing it from the merchandise and without leaving the old mark showing on either section of the tag.

By virtue of this unique relationship between the physical structure and the printed matter great savings of time and money are effected by the use of these tags in department stores; and as a consequence the sales of these tags have rapidly mounted during the few years they have been on the market.

This is a new and useful inventive concept and is therefore patentable. Cincinnati Traction Co. v. Pope, 6 Cir., 210 F. 443; Benjamin Menu Card Co. v. Rand, McNally & Co., C.C., 210 F. 285; Rand, McNally & Co. v. Exchange Script-Book Co., 7 Cir., 187 F. 984.

The claims in issue will be allowed, and counsel will prepare and submit formal findings of fact and conclusions of law accordingly.