OVERWEIGHT COUNTERBALANCE ELEVATOR CO. v. STANDARD ELE-
VATOR & MFG. CO.  SAME v. EATON & PRINCE CO. et al.  SAME
v. CRANE ELEVATOR CO.  SAME v. J. W. REEDY ELEVATOR
MFG. CO.

(Circuit Court, N. D. Illinois, N. D.   July 19, 1899.)

PATENTS—EQUITABLE JURISDICTION—PATENT ABOUT TO EXPIRE.

Equity will not take jurisdiction when the patent sued on will expire 10 days after commencement of the suit, though the bill contains a prayer for injunction, preliminary and permanent, and the usual prayer for discovery and accounting, when no motion for a preliminary injunction is made, and the return day of the subpœna is 20 days subsequent to the expiration of the patent, and no special circumstances are shown which would make the accounting so intricate as to render an action at law inadequate.  In such case a mere allegation that complainant has no adequate remedy at law will not confer jurisdiction in equity.

These were four suits in equity brought by the Overweight Counterbalance Elevator Company against the Standard Elevator & Manufacturing Company, the Eaton & Prince Company and others, the Crane Elevator Company, and the J. W. Reedy Elevator Manufacturing Company, respectively, for alleged infringement of a patent. The cause was heard on demurrer to the bill for want of equity jurisdiction.

Charles M. Peck and John W. Hill, for complainants.

Brown & Darby, for defendants.

KOHLSAAT, District Judge.   The above four equity suits were commenced 10 days prior to the expiration of the patent.   The only substantial ground of equity jurisdiction is the prayer for injunction, preliminary and permanent, although the usual prayer for discovery and accounting is contained in each bill.   The return day of the subpœna in each case was 20 days subsequent to the expiration of the patent.   No motion for a preliminary injunction was made. The authorities are fairly uniform that, under such circumstances, complainants will not be permitted to invoke equity jurisdiction upon the mere pretext that an injunction is desired, when the right is at most a technical one, which would only under most unusual circumstances be enforced by the court.   Prior to the modern liberality in proceedings at law, courts of equity were prone to assume jurisdiction upon mere technical pretexts; but nowadays the tendency is to remit the parties to their remedies at law, unless some substantial ground of equity jurisdiction is presented.   No special circumstances are shown in this case, over ordinary cases of account, which would make the accounting so intricate as to make a suit at law an inadequate and incomplete remedy, and nothing appears from the bill to show that adequate discovery cannot be had

at law. A mere allegation that complainant has no adequate remedy at law, unaccompanied by allegations of facts supporting the same, will not confer jurisdiction upon a court of equity. Without reviewing the authorities cited, it is sufficient to say that in each of the cases quoted from by either complainant or defendants it was either stated or intimated that the question was one to be left to the sound discretion of the chancellor, such discretion to be exercised in view of the facts of each particular case. The case of Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, clearly states this doctrine, and the decision in that case has not since been modified. I hold that in the cases at bar no facts are disclosed by the bill which would cause the court to entertain jurisdiction in the first instance other than for the purpose of an injunction; and while there is no rule of this court which would prevent the granting of a preliminary injunction within 10 days after the filing of the bill, provided notice could be given to defendants, yet, under the practice of this court, extraordinary circumstances would have to be shown to cause the court to take such action. No such circumstances are disclosed by the bill. No affidavits were presented showing such circumstances, and no attempt was made to procure an injunction, and under the ordinary proceedings of this court, as a matter of practice, the injunction could not have been obtained. While these considerations are not presented on the face of the bill and demurrer, yet they are circumstances which influence the decision of the court in the exercise of its discretion. Believing that the technical ground of equity jurisdiction invoked was merely a pretext for avoiding an action at law, and there being an adequate remedy at law, the demurrer is sustained and the bill dismissed in each case.