NATIONAL CASH-REGISTER CO. v. NAVY CASH-REGISTER CO. et al.

(Circuit Court, N. D. Illinois, N. D.    January 26, 1900.)

No. 25,351.

1. PATENTS—INFRINGEMENT—CASH REGISTERS.
    The Ritty and Birch patent, No. 271,363, for a cash register, *held* infringed.

2. SAME—PRELIMINARY INJUNCTION—EXPIRATION OF PATENT.
    A suit for infringement was instituted, and an application for a preliminary injunction made, three months before the expiration of complainant's patent, but the record was not perfected so as to enable the court to pass upon the motion until eight days before such expiration. *Held* that, although good ground for relief was shown, an injunction would be denied upon the filing of an adequate bond by defendant covering such damages and costs, both past and future, as might be awarded to complainant on final hearing.

This was a suit for infringement of a patent.    On motion for preliminary injunction.

Edward Rector, for complainant.

Offield, Towle & Linthicum and Thos. W. Flynn, for defendants.

KOHLSAAT, District Judge.    The bill herein was filed November 1, 1899.    It seeks to enjoin the alleged infringement by defendants of the Ritty and Birch patent, No. 271,363, issued January 30, 1883. This patent expires on the 30th of this month.    A motion for a preliminary injunction was made before this court on November 3, 1899, and, by reason of the inability of the court to grant an early hearing, the matter was referred to a master in chancery to take proofs, and report the same, together with his conclusions thereon. The master filed his report herein on December 22, 1899, in which report the issuance of a preliminary injunction was recommended. On December 27, 1899, the exceptions of defendants to said report and recommendation were argued before the court, and on January 6, 1900, the exceptions were sustained, and the motion for a preliminary injunction denied, upon the ground of absence of formal proof of title.    99 Fed. 89.    The merits of the application were not at that time passed upon by the court.    Thereafter complainant filed further proofs, and obtained leave of court to renew its application for a preliminary injunction upon the record as amended.    The motion upon the record, as supplemented by additional affidavits and papers, came on to be heard by the court on January 20, 1900, when, in addition to the objections theretofore raised, the defendants insisted upon proof to establish the corporate existence of complainant, which corporate existence was denied by answers filed by defendants on December 29, 1899, subsequent to the last hearing.    On January 22, 1900, prima facie proof of the corporate existence of complainant was for the first time filed, so far as the record herein shows.    Therefore, granting that, upon the record as it now stands, complainant has established its title to the patent in suit, that the patent is valid, and that it has been infringed by defendants, the motion for a preliminary injunction stands before the court as though made within eight days of the expiration of the patent.

The ground of objection heretofore raised to the proof of complainant's title, to wit, that no proper foundation was laid for the introduction of the certified copies of the patent-office records of the various assignments in the chain of title, has, in the opinion of the court, been met by the affidavits now on file showing the original existence of the various instruments of assignment, and that the same have been lost or mislaid, and are out of complainant's power to produce. The technical objections of defendants, relating to the insufficiency of the proof offered to establish this foundation for the introduction of secondary evidence, the court finds not well taken. The proof is prima facie sufficient.

There seems to be no doubt as to the validity of the patent in suit. It has been sustained by the circuit court for the Eastern district of Pennsylvania in National Cash-Register Co. v. American Cash-Register Co. (C. C.) 47 Fed. 212; and also by the federal supreme court in the suit of National Cash-Register Co. v. Boston Cash Indicator & Recorder Co., 156 U. S. 502, 15 Sup. Ct. 434, 39 L. Ed. 511.

Upon the question of infringement, it is true that defendant's device is a decided advance upon that covered by complainant's patent. It enables the operator, by a system of segregated working bars, to combine figures with ease,—something that complainant's device accomplishes with considerable awkwardness and difficulty; and perhaps the courts would be justified in holding, in a proper case, that such improvement is novel and patentable. That, however, is not the matter involved here. Defendants have manufactured and placed upon the market, though in a limited way, a complete cash register, which complainant insists involves all the features of its patent. A comparison of the two machines shows that in complainant's device the rocking shaft is pivoted at the bottom, whereas in defendants' device it is pivoted at the top, and is termed a "bail." Other minor variations are disclosed, but the differences are merely in form, and not in principle. Each "bail" of defendants' system of rocking shafts is a substantial infringement of complainant's device. Certainly, neither the issuance of a patent upon defendants' device, nor the dividing of the rocking shaft, would avoid infringement. Neither would defendants' claim, that some portions of their combination are used to accomplish different ends from those accomplished by analogous portions of complainant's device, avoid infringement. Defendants' mechanism is certainly much nearer complainant's in manner of construction and operation than was that in the Boston company's machine. The fact of infringement must be held to be clearly made out.

Should, then, under all the circumstances of this case, an injunction be granted for the remaining four days of the life of complainant's patent? It has been shown herein that defendants, with full knowledge of the decisions of the courts above quoted, have been and are preparing to place their machine upon the market in competition with complainant's machines just as soon as the patent in suit has expired. Defendants have been for some time past perfecting their machine by experiments, and have placed a few of them upon the market,—one or two, as they claim; seven or eight,

or perhaps more, as claimed by complainant. Perhaps defendants have the perfect right, prior to January 30, 1900, to make arrangements to manufacture, after said date, machines containing complainant's device; but they have no right, prior to the expiration of complainant's patent, to assemble any machine containing such device, although they may lawfully have the different parts in their possession. The question, then, is, do all the facts and circumstances of this case bring it within the reasoning announced in American Bell Tel. Co. v. Western Tel. Const. Co. (C. C.) 58 Fed. 410, or within the reasoning of the court in Overweight Counterbalance Elevator Co. v. Crane Elevator Co. (C. C.) 96 Fed. 231, or do the special facts of this case place it without the reasoning of both of said cases? In my judgment, all the facts and circumstances of this case considered, the ruling in neither of said cases applies to the case at bar. There remain but four days now of the life of complainant's patent. To be sure, the bill was filed three months prior to the expiration of the patent, but the record was only in proper form to grant the injunction eight days before such expiration. In the Elevator Cases, but ten days of the life of the patent remained after the filing of the bill, and, under the practice of this court, it would have been practically impossible to bring on for hearing a motion for a preliminary injunction within that time. In the Telephone Co. Case, about three and one-half months of the life of the patent remained subsequent to the application for the preliminary injunction. In the case at bar, there is no doubt but that complainant is entitled to the protection of this court in the premises, but manifestly the relief which can be obtained by an injunction to cover a period of only four days will be but nominal, providing it is made to serve only its legitimate function. If the defendants are required to give a bond covering such damages and costs, both past and future, as may be decreed to complainant upon a final hearing of this cause, I am of the opinion that the complainant will derive therefrom all the relief which equity and justice would require, under the circumstances of this case. There is no such threatened irremediable injury shown in this case as demands the issuance of an injunction, providing defendants will file herein an adequate bond; but unless the defendants shall file a bond in this cause, within 24 hours, in the sum of $2,000, conditioned upon the payment of costs and damages as above set forth, a preliminary injunction, as prayed, may issue.